EDWARD NELSON, Respondent, *against* ABRAHAM DUBOIS
*et al.*, Appellants.

(Decided June 5th, 1882.)

Upon the trial of an action for damages for personal injuries sustained by
plaintiff while in the employment of defendants, it appeared that plain-
tiff was injured by a fall caused by the breaking of a rope on a pile
driver upon which he was working; that the rope was one of a number
supplied by defendants, and was obtained for use by a fellow servant,
and used by plaintiff; and the latter testified that it was worn, but did
not look very bad. There was no evidence tending to show that defen-
dants knew what the condition of the rope was, or that it was in a dan-
gerous state under circumstances charging them with knowledge. *Held*,
that a motion by defendants to dismiss the complaint should have been
granted.

APPEAL from a judgment of the General Term of the
Marine Court of the City of New York affirming a judg-
ment of that court entered upon the verdict of a jury, and
an order denying a motion for a new trial.

The defendants are dock builders, and the plaintiff, when
injured, was in their employ. It became needful to remove
a land and water pile driver from New York to Jersey City.
The removal was made by raising the land machine up and
along side the water machine by a rope attached to the
former, and running over the top of and attached to the
drum on the latter, which was worked by its engine. This
rope was in two pieces knotted together, the one entirely,
and the other substantially new. The older piece was
obtained by a fellow servant of the plaintiff from the engine
house, where spare rope was usually kept. The tying
together of the pieces was done by the plaintiff and another
workman named Connolly. When the land machine was
raised, it was lashed to the other to prevent swaying while
in transit, and both were towed by a tug. On arrival, the
plaintiff, in obedience to foreman's order, went up to undo
the lashings, that the land driver might be lowered to the

dock.   While so engaged the pulley rope parted, causing the lashings to give way.   The plaintiff, being on the land machine, fell with it and was injured.

This action was brought to recover damages for the injuries received.   The defendants moved to dismiss the complaint at the close of the evidence.   The motion was denied and exception taken.   The jury rendered a verdict for the plaintiff.   A motion by the defendants for a new trial upon the minutes was denied, and judgment for the plaintiff was entered on the verdict.   From the judgment and the order denying their motion for a new trial, defendants appealed to the General Term of the Marine Court, which affirmed both; and from this decision the defendants appealed to this court.

*W. H. McDougall*, for appellants.

*Sidney H. Stuart*, for respondent.

BEACH, J.—[After stating the facts as above.]—The legal principle controlling the disposition of this appeal seems firmly established by numerous adjudications.   To uphold the judgment, there must have been given upon the trial some proof justifying a submission to the jury of the question whether or not the defendants had been guilty of negligence producing the injury.   The accident happened from the rope breaking by which the land machine was raised. The liability of the defendants could only result from evidence tending to show that they furnished the rope, knowing it to be inadequate for the purpose, or under circumstances warranting the conclusion of their ability to acquire knowledge of the fact, by the exercise of ordinary care and vigilance.   The master is bound to use ordinary care and diligence to provide safe material for his servant, and if he knows it to be unsafe for use, or might have known it to be so, by the exercise of ordinary vigilance, he is liable (*Noyes* v. *Smith*, 28 Vt. 59; *Mc Garick* v. *Wasson*, 4 Ohio St.,

566; *Feltham* v. *England*, L. R., 1 Q. B. 33; *Malone* v. *Hathaway*, 64 N. Y. 5, and cases there cited).

The plaintiff's witness testifies it was about a five-inch rope, such as is generally used for the purpose, and partially new. No proof shows it in an unfit condition, except the plaintiff's general statement of its being a worn piece of rope, but did not look very bad. It having been obtained by the plaintiff's fellow servant, and used by the plaintiff, the evidence of unfitness is extremely meagre and unsatisfactory, while the use by the plaintiff is undisputed. There is no evidence in the case tending in the least to show knowledge in the master of whatever may have been the condition of the rope, or of its being in a dangerous state under circumstances charging him with knowledge. It rests upon the plaintiff to establish this, and he having failed to furnish any proof warranting such a conclusion, the motion to dismiss the complaint should have prevailed (*Kunz* v. *Stuart*, 1 Daly, 431; *McMillan* v. *Saratoga, &c., R. R. Co.*, 20 Barb. 449; Sherman and Redfield on Negligence, § 99).

The judgment and order should be reversed and a new trial granted, with costs to abide the event.

CHARLES P. DALY, Ch. J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.