·CORNELIUS PRENTISS v. THE KENT FURNITURE MANU-FACTURING COMPANY.

*Negligence—Accidental injury.*

In this case the record is held to show that the injury to the plaintiff, for which he brings suit, was purely accidental, and the judgment in favor of the defendant is affirmed.

Error to superior court of Grand Rapids.  (Parrish, J.) Argued October 20, 1886.    Decided November 4, 1886.

Case.    Plaintiff brings error.    Affirmed.    The facts are ·stated in the opinion.

*Maher & Felker,* for appellant.

*Taggart, Wolcott & Ganson,* for defendant.

SHERWOOD, J.    This action is brought to recover damages for personal injury received by the plaintiff while employed in the defendant's furniture factory.

The judge of the superior court of Grand Rapids, where the cause was tried, on request of counsel for the defendant, instructed the jury to render a verdict in favor of the defendant.    To this instruction counsel for plaintiff excepted, and this exception only need be considered in disposing of the case.

The plaintiff was injured in October, 1883, at which time

he was about nineteen years of age. At the time the injury occurred the plaintiff was at work in the defendant's furniture factory in the city of Grand Rapids, and, while engaged in running a split-saw, his hand came in contact with the saw, in consequence of which he lost a little finger, and his hand was seriously injured, and, as plaintiff alleges, without fault on his part.

The plaintiff claims and avers in his declaration that he had not been employed to do the work in which he was engaged at the time he was injured; that he had no experience in doing such work, and lacked the strength and skill required to do the same; that he was ignorant of the danger incurred, and was required to do the work without being first warned or cautioned as to such danger, or instructed how to avoid it. And the plaintiff further claims that the defendant knew these facts, and, without informing him of the danger which overtook him, wrongfully directed him to run said splitting saw; and that while so engaged, and without the proper instruction and information, he met with the accident for which he now claims the defendant should compensate him.

The record shows the plaintiff had been at work for the defendant, in and about the establishment, the greater portion of the time for the previous three years, during which time his wages had been raised from $4.50 to $7.50 per week, and his work was more or less running machinery all the time; that, when the foreman placed him in charge of the split-saw, it was for a few days only, and he was, at that time, or three days before, working with what is called the "double cut-off" or "squaring-up saw," and, as he states in his testimony, he was "put on all of the kinds of machinery to run." He enumerates the sander, the boring-machine, the miter-saw, the cut-off saw, the single-shaper, and the buzz-planer. He appears to have had some considerable familiarity with the machinery in the manufactory, and had been

employed in the same room in which the split-saw was located, and he was at work several days before he was injured in operating it.

It does not appear from the testimony but that the machine was a good one, without defect, and ran well; nor does it appear that any portion of the same was so exposed as to be dangerous to those using it; and the evidence tends to show that the split-saw was one of the simplest of defendant's machines, and that it was not unfrequently operated without difficulty by unskilled workmen, and sometimes by beginners.

At the time of the accident the work given by the foreman for the plaintiff to do consisted in placing a block, one and a half inches thick, eight inches wide, and sixteen inches long, on the edge against the gauge, and pushing it upon the saw until it had passed through the block from end to end; the saw cutting a trifle more than half way through the block. Then it was turned over, and again pushed upon the saw until the block was split in two pieces, about five-eighths of an inch thick.

The plaintiff says that Mr. Holland, the defendant's foreman, instructed him how to operate this splitting saw. He says:

"He just told me how to put the piece in the saw. He told me how to hold it, and how to run it along,—how to put my hands upon it."

Plaintiff further testified that the split-saw was not one of the machines that was allowed to stand idle; that he gave his whole time to it after he commenced running it; that when he commenced running it he had been at work with the cut-off saw; that he commenced work at the split-saw Friday morning, and would have had to work but three or four days, when he would have had to change back to the cut-off saw; that he worked until the following Tuesday, when he received his injury.

He further testifies that an hour or two before he got hurt he saw Mr. Holland, the foreman, and told him that it was too hard work, and he could not stand it; Holland replied that he had no work for him then; that very soon thereafter the end of the stick he was holding flew up, and he got his little finger against the saw, and the injury followed. This is as near as the plaintiff can describe how the injury occurred. He had, at this time, worked the greater part of the time for three years in the shop where this machine had been constantly running, and must necessarily have seen more or less of its operation. He was then in the fourth day of his own experience in the use of the machine; and, from his own statement of the injury and its circumstances, it is impossible for any one to tell just what act or neglect caused the accident. Certain, however, it is that it did not occur by reason of any defect in the machine; and it is difficult to see what instruction could have been given which would have forewarned the plaintiff against the accident.

It is claimed by the plaintiff that the operation of the split-saw was a very difficult kind of work, and subjected the operator to danger which could only be foreseen and understood by practical experience or instruction; that there was liability of the block being split binding upon the saw when partially cut through, and that this might cause a sudden and dangerous movement of the piece either upward or backward, the tendency of which would be, if the hand was near the saw, to throw the hand upon it, unless he knew how to guard against it, and that there was no iron projecting upward, just back of the saw, to catch in the saw-cleft, and serve to prevent the pinching of the saw; that the danger from these sources could only be known and guarded against by instruction or experience, neither of which the plaintiff had.

One of the difficulties with the plaintiff's case is, it does

63 MICH.—31.

not appear from the record that the plaintiff's injury occurred from either of the causes assigned; neither does it appear that any such or like injury ever did occur from the causes claimed. Certainly the foreman had never known of one having such an experience, and, without such knowledge, he could not or would not be able to forewarn the plaintiff.

The record, I think, sufficiently shows that, with the plaintiff's knowledge and experience in the use of machinery, and his three days' operation of this particular saw, under the instruction given him by the foreman, he must be regarded as having acquired a knowledge of all the ordinary dangers accompanying its use, and until the extraordinary dangers which may possibly arise are known to the defendant, or are of such a character as should be known by its foreman, it cannot be held liable when accidents occur there from. This case does not show injury arising from that class of dangers.

It is further claimed by plaintiff's counsel that the plaintiff's contract of employment did not embrace the class of work he was called upon to perform when he received the injury. This point cannot successfully be made. The plaintiff was told, the morning before he was hurt, by the defendant's foreman, that he could run the split-saw or lay off, thus leaving it optional whether he would continue the work at the saw or not; and it appears he chose to continue to run the saw; and it was before this that he had observed the pinching of the saw, and saw the effect it had in raising up the block, neither of which, however, as we have said, is shown to have caused the injury.

We think the record in this case shows that the injury to the plaintiff was purely accidental, and that it would be unjust to hold the defendant liable therefor.

The judgment of the superior court of Grand Rapids will therefore be affirmed.

The other Justices concurred.