HENRY C. WHEELER v. JOSEPH H. BERRY AND THOMAS BERRY.

*Master and servant—Dangerous employment—Assumption of risk—Evidence.*

1. Where the evidence of the plaintiff in a negligence case fails to bring the cause of the accident within the allegations of the declaration, a verdict is properly directed in favor of the defendant; citing *Prentiss v. Manufacturing Co.,* 63 Mich. 478;

*Kean v. Rolling Mills,* 66 Id. 277; *Melzer v. Car Co.,* 76 Id. 94.

2. The claim that a master negligently put a servant at dangerous work, against his protest, and outside of the scope of his employment, is sufficiently answered by proof that the servant was thoroughly instructed in the use of the saw by which he was afterwards injured; that whatever danger there was was apparent; that he had full and complete knowledge of the risk: that he was strong in body and mind, and in the full possession of all of his faculties; and that he had frequently performed the same work for a year, and knew that he was liable to be called upon to do it.

Error to Wayne.    (Gartner, J.)    Argued February 10, 1893.    Decided April 7, 1893.

Negligence case.    Plaintiff brings error.    Affirmed.    The facts are stated in the opinion.

*Mc Veigh & Bolton* and *Moore & Moore,* for appellant, contended:

1. The defendants were negligent in ordering the plaintiff to do the work in question, as it was outside the scope of his employment; citing Cooley, Torts, 555; *Railway Co. v. Bayfield,* 37 Mich. 205; *Broderick v. Depot Co.,* 56 Id. 261; *Lalor v. Railroad Co.,* 52 Ill. 401; *Railway Co. v. Adams,* 105 Ind. 151.

*Stewart O. Van DeMark* and *Brennan & Donnelly,* for defendants.

GRANT, J.    Defendants were manufacturers of heaters and gas machines.    In their factory was a carpenter's shop, which contained two small circular saws, run by machinery, and other tools and machines.    In this shop they made parts of the gas machines, and crates used for shipping them. Plaintiff was about 50 years of age, and in the full possession of his faculties.    He was employed by defendants as a general laborer at $1.50 per day.    At the time of the accident he had been in their employ a year and a half.    The circular saws projected a few inches above an

adjustable table, and were used for sawing boards for crating. The saw was supplied with a gauge to regulate the width of the pieces to be sawed. Plaintiff commenced to use the saw a year before the accident. He was instructed in its use by one of the carpenters, and was informed of the danger, which, whatever it was, was apparent. It does not appear that there was any difficulty in using the saw, the operation consisting in pushing the board against it. He testified that he protested against being put to that work, the grounds of his protest being some-times that he was not employed for that work, and at other times that he was afraid of the saw. He, however, did the work at various times during the year, and says that he every time protested to the foreman who instructed him to do it. He made no protest direct to the defend-ants. He was sawing at the time a piece of board 19 inches long into strips about 4 inches wide. He was pushing the board against the saw, and, as it got almost through, the further end raised on the saw, and in some way his hand went against the saw, and was injured. He was alone at the time, and this is all the explanation given as to the manner of the accident. He had had no trouble with the machine before, and it had been in use in the shop for many years. One witness, who was accus-tomed to use the saw, testified that sometimes it would catch a short piece of board and throw it back towards him, or, as he expressed it, "throw it in my face."

The declaration contained three counts. The first two are based upon the theory that the defendants negligently put the plaintiff at dangerous work, against his protest, and outside the scope of his employment. The third count contained the additional allegation that—

"The buzz-saw was not a suitable or proper saw upon which to saw or cut short boards, and it was dangerous to cut or saw short boards thereon, all of which said defend-

ants well knew, and all of which the plaintiff did not know."

At the conclusion of the plaintiff's case the court directed a verdict for the defendants.

Plaintiff's counsel now insist upon three grounds of negligence, which they claim should have been submitted to the jury, viz.:

1. Ordering the plaintiff to do the work in question, as it was outside the scope of his employment.

2. Using a gauge that was improperly constructed and out of repair.

3. Neglecting to explain to the plaintiff the dangers of the saw and the gauge.

1. To the first and third allegations it is a sufficient reply to say that the plaintiff was thoroughly instructed by the defendants' agent in the use of the saw; that whatever danger there was was apparent; that he had full and complete knowledge of all the risks; that he was strong in body and mind, and in the full possession of all his faculties; and that he had frequently done this work for a year, and was familiar with it. Plaintiff knew that he was liable to be called upon to do it. Even if it were without the scope of his employment, he could not by his protest cast all the risk of accident upon his employer. An employé, under such circumstances, has his choice either to leave the employment or to remain and assume all the risks incident to the work he knows that he is expected to do.

*Chicago & N. W. Ry. Co. v. Bayfield,* 37 Mich. 205, is in no respect applicable to the present case. Bayfield's decedent was young, weak, and inexperienced, but the Court based its decision entirely upon his inexperience. He commenced to work in May, and was killed in June. If he had been a man of age, experience, strong in body and mind, had been familiar with the work of braking

for a year, and had done it himself when directed during that time, we think it clear that no recovery in that case would have been sustained.

In *Broderick v. Depot Co.*, 56 Mich. 261, Broderick was sent for the first time to close a defective damper in a ventilating shaft in a dark place. He was ignorant of its construction, and, in attempting to close the ventilator, was following the instructions of his superior. The inapplicability of that case to the present one is apparent.

2. To the second claim now made by plaintiff's counsel in their brief it is sufficient to say that no such negligence is alleged in the declaration, nor does it contain any language from which any such claim can possibly be inferred.

3. Plaintiff's evidence does not bring the cause of the accident within the allegations of his declaration. The theory of the declaration is that in some way his hand was drawn upon and against the saw. The record contains no proof that this would be the result even if the end of the board were raised as he testifies. *Prentiss v. Manufacturing Co.*, 63 Mich. 478, is quite similar to the present case, and we think controls it. The language there used applies with equal force here, viz.:

" One of the difficulties with the plaintiff's case is, it does not appear from the record that the plaintiff's injury occurred from either of the causes assigned; neither does it appear that any such or like injury ever did occur from the causes claimed."

See, also, *Kean v. Rolling Mills*, 66 Mich. 277; *Melzer v. Car Co.*, 76 Id. 94.

Judgment affirmed.

HOOKER, C. J., and LONG, J., concurred with GRANT, J.

McGRATH and MONTGOMERY, JJ., concurred in the result.