NELLIE SISCO, as Administratrix, etc., Respondent, *v.* THE LEHIGH AND HUDSON RIVER RAILWAY COMPANY, Appellant.

An employer does not undertake with his employee to use the very best appliances, nor is he called upon to discard machinery reasonably suited for his business, although there may be other and safer machinery ; at least when the appliances and machinery used by him are in common use in the business; he is simply bound to exercise reasonable care in providing machinery and appliances in view of all the circumstances.

S., plaintiff's intestate, a brakeman in defendant's employ, while climbing up a ladder on the outside of one of the cars of a moving freight train, for the purpose of setting a brake, came into collision with the stationary arm of a mail crane and was seriously injured. The crane had been erected by defendant about two months before, pursuant to directions of the U. S. mail authorities. In an action to recover damages, negligence on the part of defendant was claimed in placing the crane too near the tracks. These facts appeared : Defendant had erected two other mail cranes on its road four years before, identical in construction and in relative location to the tracks with the one in question, and these had been in use since that time. Defendant constructed them from plans recommended by the "Railroad Gazette." The same kind of cranes were used on some of the more extensive lines of railroad and were located no further from the tracks. Other railroads used cranes with movable arms, which rose or fell automatically when not kept extended by the weight of mail bags. Evidence was given, which was undisputed, that the cranes with stationary arms were preferable to those with movable arms, as the former permitted greater space between the end of the arm and the sides of passing cars. There was no evidence that the crane in question was placed nearer the track than cranes on other roads, or that it was practicable to place one at a greater distance and have it answer the purpose. *Held*, that there was no evidence authorizing the submission to the jury of the question of negligence in the location of the crane; and so, that such submission was error; that to charge defendant it was not sufficient to show the injury, or that operating the device used involved danger to the brakeman; that G. took the risks of all constructions necessary and reasonably adapted to the business, and it devolved upon plaintiff to show that the appliance was improperly constructed or located.

*Sisco* v. *L. & H. R. R. Co.* (75 Hun, 582), reversed.

(Argued February 28, 1895; decided March 12, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department entered upon an order made February 12, 1894, which affirmed a judgment in

favor of plaintiff and also affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries received by Eugene Sisco, the original plaintiff, while in the employ of defendant, a railroad corporation, alleged to have been caused by defendant's negligence.

The facts, so far as material, are stated in the opinion.

*Isaac H. Maynard* for appellant. The trial court erred in submitting to the jury the question as to whether the defendant was not negligent in putting the mail crane so close to the road. There was not sufficient evidence in the case upon which negligence in this respect could be predicated or inferred. (*Dobbins* v. *Brown*, 119 N. Y. 188; *Reichel* v. *N. Y. C. & H. R. R. R. Co.*, 130 id. 682.) The trial judge erred in holding that it was a question of fact for the jury, whether the defendant was not negligent in failing to give reasonable warning to its employees of the presence of the mail crane, so that they might guard against the danger. (*Lovejoy* v. *B. & L. R. R. Co.*, 125 Mass. 79; *Bellows* v. *P. & N. Y. C. & R. Co.*, 157 Penn. St. 51; *Kern* v. *D. C. & S. R. Co.*, 125 N. Y. 50; *Crown* v. *Orr*, 140 id. 450.) The judgment cannot be upheld upon the ground of any alleged negligence upon the part of the defendant in making use of the particular kind of a mail crane which it did. (*France* v. *N. Y., L. E. & W. R. R. Co.*, 143 N. Y. 182; *Flinn* v. *N. Y. C. & H. R. R. R. Co.*, 142 id. 11; *Williams* v. *D., L. & W. R. R. Co.*, 106 id. 634; *Gibson* v. *E. R. Co.*, 63 id. 450.)

*John W. Lyon* for respondent. As to defendant's motion for a non-suit on the ground that there is no evidence of negligence on the part of the defendant, it is urged that defendant's negligence was of the most glaring and culpable nature. (*Plank* v. *N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 607; *Fredenburgh* v. *N. C. R. Co.*, 114 id. 582; *Palmer* v. *D. & H. C. Co.*, 120 id. 110; *Donnegan* v. *Erhardt*, 119 id. 468; *Wallace* v. *C. V. R. R. Co.*, 138 id. 302; *Meeks* v. *N. Y. C.*

*R. R. Co.*, 69 Hun, 488; 140 N. Y. 622.) The second ground stated in defendant's motion for a non-suit as to risk assumed by plaintiff is untenable. (*Kain* v. *Smith*, 89 N. Y. 375; *Mehan* v. *R. R. Co.*, 73 id. 585; *Pantzar* v. *T. F. I. M. Co.*, 99 id. 368; *Buckley* v. *R. R. Co.*, 117 id. 645; *McGovern* v. *C. V. R. R. Co.*, 123 id. 280; *Wallace* v. *R. R. Co.*, 138 id. 302; *Meeks* v. *N. Y. C. & H. R. R. R. Co.*, 69 Hun, 488; 140 N. Y. 622; *Davidson* v. *Cornell*, 132 id. 228.)

Andrews, Ch. J. The original plaintiff, Eugene Sisco, on the 18th day of April, 1890, in the performance of his duty as brakeman on a moving freight train of the defendant near Monroe station, was climbing up a ladder on the outside of a box car to set a brake, and while on the ladder his head came into collision with the stationary arm of a mail crane, which had been erected by the defendant at that point March 31, 1890, pursuant to the directions of the United States mail authorities. He was seriously injured and brought this action in his lifetime against the defendant to recover damages for the injury, and in his complaint, among other things, he specified as a ground of liability the want of proper care on the part of the defendant in maintaining the obstruction by which he was injured in "such close proximity to its said railroad." The defendant put the allegations of the complaint in issue, and the case was tried before a jury, who awarded $8,000 damages. The General Term affirmed the judgment entered on the verdict, and from the judgment of affirmance this appeal is taken. The original plaintiff has died since the appeal, and his administratrix has been substituted as plaintiff in the action. The trial judge, upon the issue of the defendant's negligence, submitted to the jury two questions: *First*, whether it was negligent in placing the mail crane too near the track of the railroad, or, *second*, in failing to give reasonable warning to its employees of its presence, so that they might guard against the danger, and instructed them in substance that if they found against the defendant on either

of these questions the plaintiff, in the absence of contributory negligence, would be entitled to a verdict. It is urged on the part of the appellant that the court erred in submitting to the jury the question whether the defendant was negligent in putting the mail crane so close to the railroad. If this point is well taken it will be unnecessary to consider the question whether negligence could be imputed to the defendant by reason of its failure to notify its employees of the erection of the crane, it having been erected only a short time before the injury in question. The jury found a general verdict, and as it may have proceeded exclusively upon the ground of a negligent location of the crane, if that question ought not to have gone to the jury, the exception to its submission requires a reversal of the judgment.

The mail crane is an appliance to facilitate the taking into a mail car of mail bags when the car is in motion. The defendant erected two on the line of its railroad in 1886, which have been in use since that time, identical in construction, and in relative location to the track, as the one in question. The structure consists of an upright post eleven feet in height above the ground, and standing seven feet six inches from the nearest rail, with a movable arm in the middle and a stationary arm at the top, three feet six inches long, extending towards the track. When a car is passing there is a space of about twelve inches between the end of the arms and the side of the car. The method of operation is to suspend the mail bag between the upper and lower arms. In the mail car is a lever or arm having a sweep (as near as can be collected from the diagram) of a little more than three feet, which the mail agent puts out when approaching a mail crane, and it strikes the mail pouch suspended on the crane and draws it into the car. This device may be operated when a train is moving at great speed. Evidence was given on the part of the plaintiff that on the Erie, New York Central and some other roads mail cranes were used, constructed with a movable arm at the top, which, when not kept extended by the weight of the mail bag, rose or fell automatically. On the part of the defendant

it was shown that mail cranes like those used by the defend-
ant were in use on the Union Pacific and other extensive lines
of railroad, and the master mechanic of the defendant testified,
without contradiction, there being no other evidence on the
point, that mail cranes with the stationary arms were prefer-
able to those with the movable arms, on the ground that the
former permitted a greater space between the end of the arm
and the side of the car than those of the other construction.
There was no evidence that the crane in question was placed
nearer the track than cranes upon other roads, nor that it was
practicable to place a crane at a greater distance than was the
one in question, or to construct it with a shorter arm and have
it answer the purpose in view. There was affirmative evi-
dence as to the location of cranes on other roads, and in all
the cases referred to it was shown that they were located no
further from the track than the cranes erected by the defend-
ant, and that the space between the end of the arm and the
side of the passing car was no greater. It was shown that in
constructing the cranes the defendant adopted plans recom-
mended by the " Railroad Gazette," diagrams of which were
introduced in evidence.

Upon the state of the proof we think there was no evidence
authorizing the submission to the jury of the question of neg-
ligence of the defendant in the location of the cranes. The
court eliminated the point whether the defendant should have
adopted the crane with the movable arm, and very properly.
The employer does not undertake with the employee that he
will use the very best appliances, nor is he called upon to
discard machinery adopted by him in his business reasonably
suited therefor, although there may be other machinery that
may be safer. It is bound to the exercise of reasonable care
in providing machinery and appliances, in view of all the
circumstances. Still less is the master to be cast in damages
for error of judgment in selecting one method of prosecuting
his business, or one kind of machinery or appliance, on proof
that another method or appliance is better or safer when both
methods or both kinds of appliances are in common use. (*Frace*

v. *R. R. Co.*, 143 N. Y. 182; *Flinn* v. *R. R. Co.*, 142 id. 11.)
It was not found, nor was there any evidence upon which a
jury could infer, that the crane in question could be placed
any further from the track than it was and perform the func-
tion foi which it was designed. The plaintiff was bound to
show a state of facts indicating negligent construction or loca-
tion, to raise a question for the jury upon this point. It was
not sufficient for him to show an injury, or that operating the
device involved danger to the brakemen. He took the risk
of all constructions necessary and reasonably adapted to the
business of the railroad. The burden was upon him to show
that the appliance, concededly useful in the business of the
defendant, was improperly constructed or located, and this he
wholly failed to do. Proof that it was dangerous was not enough.
He was bound to go further and show that the defendant
might, by the use of reasonable care, have accomplished its
purpose and at the same time protected its employees from
the danger.

We think the judgment cannot be sustained without estab-
lishing a principle which will subject an employer to liability
to his employees from the mere happening of an injury while
engaged in a dangerous service.

The judgment should be reversed and a new trial ordered.

All concur.

Judgment reversed.