Me Ad ah, J.
The action is to recover $50,000 damages for injuries sustained by the plaintiff, a lineman, while in the employ of the defendant, a trolly-road contractor, on January 10, 1893. It appears that the plaintiff was working at the top of an iron pole erected by the defendant in Berone street, New Orleans. While in that position, at a height of about twenty feet from the sidewalk, an eyebolt, which held a wire which spanned the street, broke, causing a jarring of the pole,-which threw the plaintiff to the sidewalk, and inflicted the injuries complained of. It also appeared that the eyebolt was not manufactured by the defendant, but was purchased, with others, by him, through A. Baldwin & Co., from the New Orleans Agricultural Works, a corporation which manufactured them ; that these concerns were well known and responsible, and the defendant had every reason to believe that the bolts were well made. No fault is contributed to the eyebolts, except that the particular one in question was welded, and the break was ascribed to the welding. The plaintiff’s principal witness testified that there was nothing in-the eyebolt to indicate that it was weak. The bolt was put in the pole by a fellow-servant of the plaintiff engaged in the same occupation. At the conclusion of the trial defendant’s counsel moved to dismiss the complaint on the ground that there was no evidence of negligence on the part of the defendant, and that he was not responsible for any neglect of the plaintiff’s fellow workman. The motion was granted. The plaintiff claims that this was error, and moves for a new trial.
Upon entering the defendant’s employ, the plaintiff must be treated as having taken upon himself all the risks ordinarily attending the business, and among these risks are those incident to the careless or wrongful acts of co-servants. Wood, Mast. & S. (2d ed.) § 427; Keenan v. N. Y., L. E. & W. Railroad Co., 145 N. Y. 190; 64 St. Rep. 576. This rule is elementary. In order to hold the defendant, the plaintiff was bound to establish that the master omitted some duty owing to him, in consequence of which neglect or breach, and as its proximate cause, the plaintiff suffered injury. The source of the damage was a defective eye-bolt, not deficient in size or material, but said to be dangerous on account of its being improperly welded, which defect was not apparent to ordinary observation. The eyebolt was put in the pole by the plaintiff’s fellow workman, and if there was any negligent act in putting it in place it was that of the co-servant. A master is not bound to furnish the best known or conceivable appliances. He is required to furnish such as are reasonably safe. Burke v. Witherbee, 98 N. Y. 562 ; Probst v. Delamater, 100 id. 266 ; Sisco v. Leigh & H. Railway Co., 145 id. 296 ; 64 St. Rep. 708. The test is not whether the master omitted to do something he could *419 have done, but whether, in selecting tools ana machinery for their use, he was reasonably prudent and careful. Stringham v. Hilton, 111 N. Y. 188; 19 St. Rep. 621; Harley v. Buffalo Car Manufacturing Co., 142 N. Y. 31; 58 St. Rep. 437.
If the defendant had manufactured the eyebolt, that circumstance might carry with it an implication that he knew, or ought to have known, it was welded, and how it was constructed. But he ordered it from responsible and well-known manufacturers, and had the right to assume that it was properly made. Having acted as an ordinary man would under similar circumstances, he cannot be held to have been negligent.
Judge Cooley, in his work on Torts (2d ed, p. 657), says : “The law does not require him (the master) to guaranty the prudence, skill or fidelity of those from whom he obtains his tools or machinery, or the strength or fitness of the materials they make use of. If he employs reasonable care and prudence in selecting or ordering what he requires in his business, such as every prudent man is expected to employ in providing himself with the conveniences of his occupation, that is all that can be required of him.”
It was held in Carlson v. Phenix Bridge Co., 132 N. Y. at pages 277, 278; 43 St. Rep. 942, that:
“ Hegeman’s Case, 13 N. Y. 9, presents an extreme application of the rule governing the liability of common carriers of passengers. But the rule applicable in cases of master and servant is more favorable to the master. Eeasonable care, and not the highest efficiency which skill and foresight can producéis the measure of the master’s liability, and he performs his whole duty by using as much care in the selection of materials for the use of his servants as a man of ordinary prudence in the same line of business would, acting in regard to his own safety, in supplying things for himself were he doing the work.”
Illustrations are given, concluding with the general result that a person in the position of the defendant must to a large extent rely upon the dealer and manufacturer for the quality of materials used, and is not usually liable for imperfections not observable on inspection.
In Nelson v. Dubois, 11 Daly, 127, where the plaintiff recovered damages sustained by reason of the breaking of a rope on a pile driver, the court, in reversing the judgment, said :
“ There is no evidence in the case tending in the least to show knowledge in the master of whatever may have been the condition of the rope, or of its being in a dangerous state under circumstances charging him with knowledge. It rests upon the plaintiff to establish this, and, he having failed to furpish any proof warranting such a conclusion, the motion to dismiss the complaint should have prevailed.”
See, also, Cregan v. Marston, 126 N. Y. 568 ; 38 St. Rep. 428 ; Kunz v. Stuart, 1 Daly, 431.
In Painton v. Railroad Co., 83 N. Y. 7, a brakeman in defendant’s employ was injured by the breaking of an eyebolt connecting the chain with the rod of a brake. He sought to recover damages, *420 and it appeared that the eyebolt was defective in not having been properly welded. There was no evidence of notice to defendant or any of its agents, nor was it shown that the defect could have been discovered by inspection. While a recovery was sustained by the court of appeals upon other grounds, the court held it could not be sustained so far as it rested upon the imperfection referred to. See, also, Flood v. W. U. Tel. Co., 131 N. Y. 603; 43 St. Rep. 302. But, as it did not appear whether the defendant made the defective eye-bolt or purchased it, and it was affirmatively proved that the bolt was too small, they held that this was a defect of which the defendant was bound to take notice, and the jury should say whether it was sufficient to sustain the charge of negligence. Upon this last feature of the case particularly the finding by the jury in favor of the plaintiff was ultimately affirmed. There was no such allegation or proof in this case, and the fact that the defendant did not make the eyebolt affirmatively appeared. The features which made the Painton action a proper one for submission to the jury are absent here.
Every negligence case has so many peculiarities of its own that the application of adjudicated cases, except as to general principles, is matters of extreme difficulty. The process of discrimination and distinction will continue as often ás the kaleidoscope of accident changes the facts and shifts responsibility.
Upon the proofs presented the nonsuit was properly directed (Linkauf v. Lombard, 137 N. Y. at page 426; 51 St. Rep. 63; Hemmens v. Nelson, 138 N. Y. 517; 53 St. Rep. 94), and the motion for a new trial must be denied.