SHADFORD *v.* ANN ARBOR STREET RAILWAY CO.

1. MASTER AND SERVANT—DUTY AS TO APPLIANCES.
    An employer is not in duty bound to furnish his employés the safest known appliances and instruments, but he discharges his duty towards them in that respect if he furnishes appliances which are in common and general use throughout the country in the same or similar lines of work.

2. SAME—FACTS CONCLUSIVELY SHOWN—INSTRUCTIONS.
    In an action by an employé for personal injuries alleged to have been sustained by reason of an unfit appliance furnished by the employer, it is error to submit to the jury the question whether the particular kind of appliance was commonly used by other employers in the same line of work, where defendant's evidence that it was so used is in no way controverted.

Error to Washtenaw; Kinne, J.    Submitted October 9, 1896.    Decided January 5, 1897.

Case by John H. Shadford against the Ann Arbor Street Railway Company for personal injuries.    From a judgment for plaintiff, defendant brings error.    Reversed.

*Isaac N. Payne* (*Robert Young*, of counsel), for appellant.

*A. J. Sawyer*, for appellee.

LONG, C. J.    On September 29, 1894, plaintiff, then about 23 years of age, was employed by the defendant company in the capacity of a lineman, and was engaged with one Wilson in constructing a curve in the trolley wire of defendant's street-railway equipment at the junction of Wells street and Forest avenue, in the city of Ann Arbor.    In the performance of his work, plaintiff stood on a platform of the dimensions of 8 by 4 feet, erected upon a common lumber wagon.    This platform was about 14 feet above the ground, the workmen being protected by a railing, 2 feet high, erected on three sides of the platform.    Plaintiff was endeavoring to fasten a guy wire to the trolley wire, in order to produce the curve necessary.    To do this he used a hand vise, to which was fastened a strap.    The vise was screwed to the guy wire, the strap thrown over the trolley wire, and the trolley wire drawn into position.    The plaintiff then attempted to fasten the slack of the guy wire into the goose necks attached to the trolley wire.    To do this he passed under the trolley wire, and into the inside of the curve made ·by that wire.    He put one arm over the trolley wire. At this instant the vise failed to hold the guy wire, the trolley wire was violently released, and the plaintiff was hurled to the ground, sustaining injuries which nearly paralyzed both limbs, and from which he has never recovered.    The trial in the lower court resulted in a verdict and judgment for plaintiff. . Defendant brings error.

On the trial the plaintiff contended that the railing around the platform was too low to properly protect the workmen; that the hand vise used was an improper and unsafe tool for the work required; that it was also defective; that plaintiff was not properly instructed in its use; that a device known as a "come along" should have been used; that plaintiff was not guilty of contributing to his own injury. The court submitted those questions to the jury. But defendant contends:

1. That the evidence is conclusive that the defendant supplied tools that were safe.

2. That it was not bound to furnish the plaintiff with tools of the latest device or pattern, but, if the tool furnished was such as was in common and general use by other companies doing like work, the defendant had discharged its duty to the plaintiff.

3. That the evidence is conclusive that the vise was in common use by other companies.

But one question need be considered, as the evidence is conclusive that the vise was in no way defective, and that is whether the tool furnished was such as was in general use by other companies doing like business. Neither individuals nor corporations are bound, as employers, to insure the absolute safety of the machinery or appliances which they provide for the use of their employés; nor are they bound to supply the best or newest of those appliances for the purpose of securing the safety of those who are thus employed. *Washington, etc., R. Co.* v. *McDade,* 135 U. S. 554. In *Sisco* v. *Railway Co.,* 145 N. Y. 296, the court say:

"The employer does not undertake with the employé that he will use the very best appliances, nor is he called upon to discard machinery adopted by him in his business reasonably suited therefor, although there may be other machinery that may be safer. He is bound to the exercise of reasonable care in providing machinery and appliances, in view of all the circumstances. Still less is the master to be cast in damages for error of judgment in selecting one method of prosecuting his business, or one kind of machinery or appliance, on proof that another

method or appliance is better or safer, when both methods or both kinds of appliances are in common use. * * * Proof that it was dangerous is not enough,"—citing *Frace* v. *Railroad Co.*, 143 N. Y. 182; *Flinn* v. *Railroad Co.*, 142 N. Y. 11.

See, also, *Titus* v. *Railroad Co.*, 136 Pa. St. 618 (20 Am. St. Rep. 944); *Kehler* v. *Schwenk*, 144 Pa. St. 348 (27 Am. St. Rep. 633); *Louisville, etc., R. Co.* v. *Allen's Adm'r*, 78 Ala. 494, 503 (28 Am. & Eng. R. Cas. 514).

In the latter case, it was said:

"We conceive the correct and just rule to be that a railroad company's duty to its employés does not require it to adopt every new invention or appliance useful in its business, although it may serve to diminish risks to life, limb, or property incident to its service. It is sufficient fulfillment of duty to adopt such as are ordinarily in use by prudently conducted roads engaged in like business and surrounded by like circumstances."

In *Titus* v. *Railroad Co.*, *supra*, it was said:

"Absolute safety is unattainable, and employers are not insurers. They are liable for the consequences, not of danger, but of negligence; and the unbending test of negligence in methods, machinery,. and appliances is the ordinary usage of the business. No man is held by law to a higher degree of skill than the fair average of his profession or trade, and the standard of due care is the conduct of the average prudent man. The test of negligence in employers is the same; and, however strongly they may be convinced that there is a better or less dangerous way, no jury can be permitted to say that the usual and ordinary way, commonly adopted by those in the same business, is a negligent way, for which liability shall be imposed. Juries must necessarily determine the responsibility of individual conduct, but they cannot be allowed to set up a standard which shall in effect dictate the customs or control the business of the community."

This rule is laid down in *Hosic* v. *Railway Co.*, 75 Iowa, 683 (9 Am. St. Rep. 518); *Vinton* v. *Schwab*, 32

Vt. 614; *Michigan Central R. Co.* v. *Coleman*, 28 Mich. 449; *Hagan* v. *Railroad Co.*, 86 Mich. 615.

There is no evidence in the present case that the vise was out of repair, and it is shown without contradiction that other street railways, as well as telephone and telegraph companies, used the same device. The court submitted to the jury the question as to whether other companies used this device as follows:

"If the jury find that the vise complained of as causing the accident was one of a kind in general use throughout the country, in the same or similar lines of work, and was not itself broken or defective, the defendant cannot be found guilty of negligence in the selection or use of the vise."

We find no evidence in the case that the vise was not so used, and the court should not have submitted that question to the jury. The rule is well settled in this State that an employer cannot properly be held to be under so strict obligation to his servants as to be required, under all circumstances, to make use only of the safest known appliances and instruments, and to be held responsible for any failure to discard what is not such, and to supply its place with something better and safer. *Fort Wayne, etc., R. Co.* v. *Gildersleeve*, 33 Mich. 133. See, also, *Chicago, etc., R. Co.* v. *Bayfield*, 37 Mich. 205; *Richards* v. *Rough*, 53 Mich. 212; *Sjogren* v. *Hall*, Id. 274; *McGinnis* v. *Bridge Co.*, 49 Mich. 469; *Smith* v. *Potter*, 46 Mich. 259; *Piquegno* v. *Railway Co.*, 52 Mich. 44 (50 Am. Rep. 243). We are of the opinion that the court below should have directed the verdict in favor of defendant, as requested by counsel.

The judgment below will be reversed, and a new trial granted.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. HOOKER, J., did not sit.