WHEATON v. WAGNER.LAKE ICE & COAL CO.

1. Master and Servant—Fellow-Servants—Defective Appliances—Choice of Tools.

Where a master supplied several pairs of ice tongs of different styles for the use of his servants, the negligence, if any, of a servant in choosing a style less perfect than another which he might have chosen, which resulted in his tongs slipping and injuring plaintiff, another servant, was the negligence of a fellow-servant, for which the master is not responsible.

2. Same—Defective Appliances—Assumption of Risk.

A servant assisting in putting up ice assumes the risks arising from the use by himself and his fellows of the ice tongs furnished by the master, where the tongs are all efficient to the extent of their capacity, though some are not of the latest pattern or the best adapted to the use to which they are put.

Error to Jackson; Parkinson, J. Submitted January 9, 1908. (Docket No. 17.) Decided January 31, 1908.

Case by Seward L. Wheaton against the Wagner Lake

Ice & Coal Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed, and no new trial ordered.

*Keena, Lightner & Oxtoby*, for appellant.

*John E. Shekell* and *Forrest C. Badgley*, for appellee.

MONTGOMERY, J. This is an action for negligent injury. The plaintiff was engaged with one Holland in loading ice for defendant at Norvell. While thus, Holland reached down as was his custom in loading this ice, took hold of the ice with his tongs in a horizontal direction. Plaintiff then did likewise, this action bringing him in a stooping position, with this head over a cake of ice. They both lifted with their tongs, and when the cake was a couple of feet from the ground, Holland's tongs slipped vertically up through the cake and struck plaintiff in the eye.

The only negligence relied upon is that the tongs which Holland was using were not suitable for the work. This it was sought to establish by opinion evidence that they were not safe tongs. The evidence failed to show as to whether they were of a pattern in common use. The evidence of plaintiff's witnesses shows that there were altogether in the tool house 27 pairs of tongs, of which six or seven were of the same pattern as the Holland tongs, much the larger number were of the pattern used by the plaintiff, and a few pairs were of still another pattern. The tongs were exhibited on the argument of the case in this court. Both pairs worked upon the same principle. In fact there is nothing about a pair of ice tongs that would seem to require expert testimony to instruct either a court or a jury. Both appeared to be equally sharp at the points. The Holland tongs curved a little less sharply than the Wheaton tongs, so-called, and it resulted that they would not grasp with equal efficiency a large cake of ice. In other words, the capacity of these tongs to grasp a cake of ice was limited.

But it was a perfectly obvious limitation. Any one using such a tool would be able to know at a glance whether a sufficient hold had been secured upon the ice to support its weight, and any insistence on making use of the tongs without having a sufficient hold on the ice to support the weight was plainly negligence, and, if it was the act of a fellow-servant, was obviously the negligence of a fellow-servant.

Nothing can be made of this case but a case of pure accident or negligence of a fellow-servant. The parties engaged had an opportunity to make selection from different kinds of tools, and if a mistake was made in choosing a less effective one than others lying in the tool house, the defendant can hardly be held responsible for this fact.

But the point on which we rely in the case is that the conditions were perfectly obvious. The tools furnished were efficient to the extent of their capacity, and were not calculated to deceive those who used them. They may not all have been of the latest pattern, or the best adapted to the use. But this was not required. See *Shadford* v. *Railway Co.*, 111 Mich. 390.

No case was made for the jury. The judgment should be reversed, and no new trial ordered.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.