JOHN TOOMEY v. THE EUREKA IRON & STEEL WORKS.

*Master and servant—Negligence.*

1. The rule that the mere fact of an accident is not sufficient to impose a liability for negligence is founded in reason and common sense, and there is nothing in the circumstances of this case to take it out of this rule, and show negligence on the part of the defendant; citing *Railroad Co. v. Judson,* 34 Mich. 506; *Mining Co. v. Kitts,* 42 Id. 34; *Railroad Co. v. Kirkwood,* 45 Id. 51; *Brown v. Street Railway Co.,* 49 Id. 153; *Mitchell v. Railway Co.,* 51 Id. 236; *Stern v. Railroad Co.,* 76 Id. 591.

2. An employé assumes the risk when he voluntarily enters into danger apparent to him, notwithstanding an agent of his employer tells him there is no danger.

Error to Wayne. (Brevoort, J.) Submitted on briefs November 20, 1891. Decided December 21, 1891.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Charles Flowers* and *R. E. Frazer,* for appellant, contended:

1. This Court has very clearly established the doctrine that a superior servant is not a fellow-servant; citing *VanDusen v.*

89 249
94 287

89 249
96 548

89 249
108 135

89 249
114 87

89 249
d121 128

89 249
124 128

89 249
126 662

89 249
s50NW 850
j129 493

89 249
f141 ¹ 68

89 249
143 ¹383
f144 ¹390

89 249
147 ²464

89 249
f153 ¹371

89 249
d155 ²688

*Letellier,* 78 Mich. 492; *Hunn v. Railroad Co.,* Id. 513; *Harrison v. Railroad Co.,* 79 Id. 409; *Brown v. Gilchrist,* 80 Id. 56; and no general rule can be laid down for determining whether such relation exists, but each case must be governed in a measure by the peculiar circumstances connected therewith.

2. As to whether the plaintiff was guilty of contributory negligence, counsel cited *Apsey v. Railroad Co.,* 83 Mich. 440; *Brezee v. Powers,* 80 Id. 172; and as to what risks he assumed when he entered defendant's employment, cited *Eddy v. Mining Co.,* 81 Mich. 548.

*Frederick T. Sibley* (*Otto Kirchner* and *James C. Smith, Jr.,* of counsel), for defendant, contended for the doctrine of the opinion.

GRANT, J. Plaintiff was a machinist in the employ of defendant, and was at work in the boiler-shop when he received the injury for which he brought this action.

Plaintiff was directed by the foreman of the shop to rivet the cast-iron front for two boilers. This front was about eight feet square, and was placed in position in front of the boilers for the purpose of being riveted together. This front consisted of four pieces, which stood along-side each other in an upright position, and temporarily held together by bolts. They were to be permanently united by iron strips riveted to the pieces over their several points of juncture. Plaintiff was shown the work, and directed to complete it as soon as possible. He commenced it about 5 o'clock in the afternoon. He first riveted the strips to unite the two end pieces. Upon proceeding to rivet the strip which was to unite the center pieces, he discovered that the holes did not fit. He reported this to the foreman, who told him to get the casings, bolt them up, and get them through as quick as he could. He thereupon proceeded to chip out a hole for the rivet, and, after giving a blow or two, the front, which weighed about 1,800 pounds, fell over upon him, and injured him.

The duty alleged in the declaration to be owing by the defendant to the plaintiff was—

"To provide a safe and suitable place for him to work in, and, in placing this frame or casting in position, to have it properly secured and fastened, so that it would not topple over, and fall upon those engaged in riveting it."

The violation of duty alleged is that it—

"Failed to so properly secure and fasten the same, and left the same in an insecure and dangerous position."

Upon the close of plaintiff's case the defendant introduced no evidence, and the court directed a verdict for the defendant.

Plaintiff's sole ground of recovery is that these pieces were not properly secured or fastened. This was his allegation. He rested his right to recover upon the bare proof that the pieces fell over. He introduced no evidence tending to show how they were secured or fastened. The record leaves the court to mere conjecture as to how they were fastened or secured in place; as to whether they were secured in the customary manner, and, if so, whether that manner was such as experience had proven to be reasonably safe. Plaintiff and two other witnesses testified upon this point, and they all say they do not know how they were braced, nor whether they were braced at all. The frame was about three inches in thickness. We cannot tell whether it was placed in a leaning position or a perpendicular one. If the latter be the case, it would be unsafe to work upon it unless securely held in position by some means; if the former, it is a fair conclusion that the blows by plaintiff and his helpers were the cause of the fall. Certainly, in the former case, if not in the latter, the danger would be as apparent to plaintiff as to the foreman who directed him to do the work.

It is the settled rule in this State that the mere fact of an accident is not sufficient to impose a liability for negligence. This rule is founded in reason and in common sense. There is nothing in the circumstances of this case to take it out of this rule, and to show negligence on the part of the defendant. *Quincy Mining Co. v. Kitts*, 42 Mich. 34; *Grand Rapids & Indiana R. R. Co. v. Judson*, 34 Id. 506; *Marquette, H. & O. R. R. Co. v. Kirkwood*, 45 Id. 51; *Brown v. Street Railway Co.*, 49 Id. 153; *Mitchell v. Railway Co.*, 51 Id. 236; *Stern v. Railroad Co.*, 76 Id. 591.

The failure of plaintiff to produce such proof of negligence is not excused by showing that the foreman assured him that the frame was properly secured. Even if the foreman were the defendant's vice-principal, he could not bind the defendant by such a statement, if the danger was as apparent to plaintiff as to him. An employé assumes the risk when he voluntarily enters into danger apparent to him, notwithstanding an agent of his employer tells him there is no danger. An agent is not by the law clothed with power to make such representations, and bind his principal to respond in damages if injury results. The jury were entitled to know what the danger was, and whether it was apparent, and this they could not know without evidence showing how the frame was placed and secured for the work to be done upon it.

The particular reasons which the circuit judge gave for directing the verdict are immaterial, and need not here be discussed or determined.

The judgment is affirmed.

The other Justices concurred.