SHOWALTER, Appellant, vs. FAIRBANKS, MORSE & COMPANY, Respondent.

*September 13 — October 2, 1894.*

*Master and servant: Injury from caving in of trench: Assumption of risk: Assurances of superintendent: Promise to remove danger.*

1. Plaintiff was injured by the caving in of the sides of a trench about nine feet deep in which he was calking water pipe for defendant. He was a man of mature years and ordinary intelligence, and had had considerable experience in that sort of work, and knew that trenches of that depth were liable to cave in. The same trench had partially caved in a few feet away about ten minutes before, and plaintiff with others had left the work, but he had returned upon being told to go back by defendant's superintendent, who said the ditch was perfectly safe and promised to buy some lumber and have it braced up. *Held* that, notwithstanding such direction and such assurance of safety by the superintendent, the plaintiff, having full knowledge of the danger, assumed the risk when he chose to continue his work.

2. It appearing that plaintiff in going back to work relied upon the assurance that the ditch was safe and not upon the promise to have it braced up, such promise did not entitle him to continue work without being charged with assumption of the risk. [Whether re-

liance upon a promise to remove the danger could operate in such
a case to relieve a workman from assumption of risk, is doubtful.]
3. The promise to buy lumber and have the trench braced up could not
be construed to refer to that part in which plaintiff was working
when injured, since in the natural course of the work he would
have been through there before the materials to brace the trench
could be got.

APPEAL from the Circuit Court for *Barron* County.

This action is brought to recover for personal injuries.
The evidence showed that the defendant, in August, 1892,
was engaged in putting in a system of waterworks in the
city of Rice Lake, and in the course of this work was exca-
vating deep trenches and laying waterpipes through the
streets.   The plaintiff was employed by defendant, July 29,
1892, to calk the pipe in the trenches.   One Elder was the
superintendent of the work.   Plaintiff began his work of
calking pipe on the 30th of July, and continued at the work
until August 4th.   On the last-named day, while plaintiff,
with one Simmons, was at work calking pipe in a trench
about nine feet in depth, the sides of the trench caved in,
and plaintiff was seriously injured.   At the conclusion of
plaintiff's evidence a nonsuit was granted, and from judg-
ment thereon plaintiff appeals.

For the appellant there was a brief by *H. G. Ellsworth,*
attorney, and *T. F. Frawley,* of counsel, and oral argu-
ment by *Mr. Frawley.*   They contended, *inter alia,* that
the risk was not contemplated in the contract of employ-
ment.   Buswell, Pers. Inj. §§ 207, 208; *Baxter v. Roberts,*
44 Cal. 187; *Ill. Cent. R. Co. v. Welch,* 52 Ill. 183; *Chicago
& I. R. Co. v. Russell,* 91 id. 298; *Roux v. B. & D. L. Co.*
85 Mich. 519; *Swoboda v. Ward,* 40 id. 420; *King v. Ford
R. L. Co.* 93 id. 172; *Booth v. B. & A. R. Co.* 73 N. Y. 38;
*Pantzar v. Tilly F. I. M. Co.* 99 id. 368; *Rumwell v. Dil-
worth,* 111 Pa. St. 343; *Union P. R. Co. v. Fort,* 17 Wall.
553; *Hough v. T. & P. R. Co.* 100 U. S. 213; *Strahlendorf*

*v. Rosenthal,* 30 Wis. 674; *Hulehan v. G. B., W. & St. P. R. Co.* 68 id. 520; *Kelleher v. M. & N. R. Co.* 80 id. 584. Not being within the contract of employment, to charge plaintiff with having subsequently assumed the risk, it must have appeared that he had actual knowledge of the precise danger of sustaining injury by the caving in of the walls of the trench. 2 Thomp. Neg. 974, 975; *Cook v. St. P., M. & M. R. Co.* 34 Minn. 45; *Clapp v. M. & St. L. R. Co.* 36 id. 6; *King v. Ford R. L. Co.* 93 Mich. 172; *Dorsey v. Phillips & C. Const. Co.* 42 Wis. 583; *Hulehan v. G. B., W. & St. P. R. Co.* 68 id. 520; *Nadau v. White River L. Co.* 76 id. 120. General knowledge of the liability of earth to cave in is not sufficient to charge plaintiff with assumption of the risk. *Cook v. St. P., M. & M. R. Co.* 34 Minn. 45; *Kearns v. C., M. & St. P. R. Co.* 22 Am. & Eng. R. Cas. 287; *Dumas v. Stone,* 65 Vt. 442; *Huddleston v. Lowell M. Shop,* 106 Mass. 282; *Doyle v. Baird,* 6 N. Y. Supp. 517. Having returned to work at the request and upon the assurance of the defendant that there was no danger in continuing to work in the trench, the plaintiff did not assume the risk of being injured. 2 Thomp. Neg. 1010; *Hutchinson v. Y., N. & B. R. Co.* 5 Exch. 343; *Russell v. M. & St. L. R. Co.* 32 Minn. 230; *Cook v. St. P., M. & M. R. Co.* 34 id. 45; *Keegan v. Kavanaugh,* 62 Mo. 230; *Flynn v. K. C., St. J. & C. B. R. Co.* 78 id. 195; *Patterson v. P. & C. R. Co.* 76 Pa. St. 393. Having returned to work at the request of and relying upon the promise of the defendant to protect the trench, the danger not being imminent and the accident occurring within a reasonable time, plaintiff is not chargeable with assumption of the risk. Cooley, Torts, 661; Dearing, Neg. § 201; Thomp. Neg. 1009; Wharton, Neg. §§ 220, 221; *Greene v. M. & St. L. R. Co.* 31 Minn. 248; *Roux v. B. & D. L. Co.* 85 Mich. 519; *Thorpe v. Mo. Pac. R. Co.* 89 Mo. 650; *Hough v. T. & P. R. Co.* 100 U. S. 213; *Stephenson v. Duncan,* 73 Wis. 404.

*V. W. James,* for the respondent, argued, among other things, that the plaintiff assumed the risk, which was as apparent to him as to the defendant. Plaintiff's testimony shows him to have acquired about as much knowledge of the liability of a bank of earth to cave as could be acquired, and he may well be regarded as an expert in respect to such work. *Naylor v. C. & N. W. R. Co.* 53 Wis. 661; *Johnson v. Ashland W. Co.* 77 id. 51; *Paule v. Florence M. Co.* 80 id. 350; *Mulcairns v. Janesville,* 67 id. 24; *Vincennes W. S. Co. v. White,* 124 Ind. 376; *Griffin v. Ohio & M. R. Co.* id. 326; *Swanson v. Lafayette,* 134 id. 625; *Carlson v. Sioux F. W. Co.* 59 N. W. Rep. 217; *Songstad v. B., C. R. & N. R. Co.* 5 Dak. 517; *Fairmount C. Asso. v. Davis,* 36 Pac. Rep. 911; *Olson v. McMullen,* 34 Minn. 94; *Pederson v. Rushford,* 41 id. 289; *Larich v. Moies,* 28 Atl. Rep. 661; *G., H. & S. A. R. Co. v. Lempe,* 59 Tex. 19; *Anderson v. Winston,* 31 Fed. Rep. 528; *Rasmussen v. C., R. I. & P. R. Co.* 65 Iowa, 236; *Simmons v. C. & T. R. Co.* 110 Ill. 340; *Leonard v. Collins,* 70 N. Y. 90; *Dist. of Columbia v. McElligott,* 117 U. S. 621; *Brown v. Oregon L. Co.* 24 Oreg. 315; *Walsh v. St. P. & D. R. Co.* 27 Minn. 367; *Hughes v. W. & St. P. R. Co.* id. 137. Defendant's promise to get lumber and brace up the walls of the trench after plaintiff should have laid pipe up to the shovelers, does not relieve plaintiff from the assumption of risks involved in working in the trench as it then was. *Corcoran v. Milwaukee G. L. Co.* 81 Wis. 191; *Marsh v. Chickering,* 101 N. Y. 396; *Meador v. L. S. & M. S. R. Co.* 37 N. E. Rep. 721; *Gowan v. Harley,* 56 Fed. Rep. 973–982; *Larich v. Moies,* 28 Atl. Rep. 661. Assurances of safety by the master and directions to perform the work do not relieve the servant from the assumption of the risks of a situation that is open and obvious. *Hoth v. Peters,* 55 Wis. 405; *Toomey v. Eureka I. & S. Works,* 89 Mich. 249; *Reese v. Clark,* 146 Pa. St. 465; *Bradshaw v. L. & N. R. Co.* 21 S.

W. Rep. 346; *Wheeler v. Berry*, 95 Mich. 250; *Linch v. Sagamore Mfg. Co.* 143 Mass. 206; *Russell v. Tillotson*, 140 id. 201; *Leary v. B. & A. R. Co.* 139 id. 580; *Kean v. Detroit C. & B. R. Mills*, 66 Mich. 277; *Roul v. E. T., V. & G. R. Co.* 85 Ga. 197; *Wormell v. Me. Cent. R. Co.* 79 Me. 397; *Southern Kan. R. Co. v. Moore*, 49 Kan. 616; *Johnson v. Ashland Water Co.* 77 Wis. 51.

WINSLOW, J. The nonsuit was granted on the ground that the plaintiff had assumed the risk. In order to fully understand this question a further statement of the facts in evidence is necessary.

The proof showed that the plaintiff was a man thirty-seven years of age and of ordinary intelligence; that he had been employed laying and calking pipe for waterworks contractors, "off and on," for several years and in several cities; that when not engaged in this business he worked as a common laborer; that he had noticed trenches cave in a number of times in other places, and three times at Rice Lake, the last time being about ten minutes before he was hurt; that he knew trenches not braced were liable to cave in, from experience; that the soil where the trench caved in was a clay soil about eighteen inches in thickness, with sand and gravel beneath; and that the digging crew was about two or three rods ahead of plaintiff and Simmons, and a few minutes before the accident some sand fell from the side of the trench where the diggers were at work. When this happened the digging crew left the trench, and plaintiff and Simmons also got out because they were afraid it would cave in. The superintendent, Elder, and a foreman were on the ground when the plaintiff got out of the ditch. The foreman said he would not be afraid to lie down in the ditch all night, and would do so for a dollar and a half. Mr. Elder said: "Boys, go back to the ditch, and lay up to where the shovelers are, about three or four

lengths.  The ditch is perfectly safe.  Go back and go to work.  I will go right down to the office, buy lumber, and have it braced and curbed up."  Upon this plaintiff and Simmons went back to work because, as plaintiff says: "I took Mr. Elder's word.  I thought he had more experience than I had, and I felt the bank was perfectly safe.  I took Mr. Elder's word."  After they had been at work about ten minutes the trench caved in, inflicting the injuries of which plaintiff complains.

Upon these facts we are clearly of opinion that the plaintiff must be held to have assumed the risk.  He was of ordinary intelligence.  He knew that trenches of this depth were liable to cave in.  He knew that this very trench had just partially caved in at a distance of a few feet.  He came out of the ditch because of that very fact. He knew all the facts which the superintendent knew, and had fully as much experience as the superintendent.  No expert engineer could have given him any additional information as to the probability of the ditch caving in.  In fact, he was fully informed of the peril, and chose to continue his work.  No principle is better established than that under such circumstances the risk is assumed.  *Naylor v. C. & N. W. R. Co.* 53 Wis. 661; *Johnson v. Ashland Water Co.* 77 Wis. 51; *Paule v. Florence Mining Co.* 80 Wis. 350.  But it is said that the assurance of safety given by the superintendent, and the command to return to work, relieve the plaintiff of the consequences of his assumption of the risk.  This is not the case where the employee is of full age and capacity and knows the danger as fully as the superintendent.  *Toomey v. Eureka I. & S. Works*, 89 Mich. 249; *Linch v. Sagamore Mfg. Co.* 143 Mass. 206; *Kean v. Detroit C. & B. R. Mills*, 66 Mich. 277; *Bradshaw's Adm'r v. L. & N. R. Co.* (Ky.) 21 S. W. Rep. 346. Plaintiff had the right to refuse to obey the order, and if he chose to obey he took the risk of which he had full knowledge.

It is further said that there was a promise to remove the danger, and that plaintiff was entitled to work for a reasonable length of time in reliance on that promise without being charged with assumption of risk. It is quite doubtful whether this principle applies to such a case. Its usual application is to machinery or tools which are found to be dangerously defective. *Gowen v. Harley,* 56 Fed. Rep. 973. But, conceding its application to such a case as the present, the evidence of the plaintiff is that he relied on the superintendent's assurance that the ditch was safe, in going back to work. He nowhere claims that he relied on the promise to brace up the ditch. There must be reliance on the promise to repair, in order to make such a promise of any avail as an excuse to the employee.

Furthermore, the natural meaning of the promise seems very clearly to be not a promise to brace the ditch where the plaintiff was then working, but that, if plaintiff would lay the pipe up to where the shovelers were, the ditch should thereafter be braced. The superintendent said he would buy lumber and brace the trench. Plainly, this would take considerable time, while the plaintiff's work was transitory simply; and we do not see how such a promise could be reasonably construed to refer to that part of the trench where plaintiff was then at work, and which he would, in the natural course of his work, leave before lumber could be bought and prepared for bracing.

Errors are alleged in the rejection of evidence. As these alleged errors do not affect the question of the plaintiff's assumption of the risk, we shall not discuss them.

*By the Court.*— Judgment affirmed.