ROHRABACHER v. WOODARD.

MASTER AND SERVANT—DANGEROUS MACHINERY—ASSUMPTION OF
RISK—RELIANCE ON SUPERIOR.*
  An experienced servant of mature years cannot continue to
  operate a machine which he knows is dangerous, without
  assuming the risk, simply because the employer has assured
  him that it is safe, when the servant has just as much knowl-
  edge of the danger arising from its operation as the employer.

Error to Shiawassee; Dodds, J., presiding. Submitted
April 11, 1900. Decided May 15, 1900.

Case by Edward M. Rohrabacher against Lyman E.
Woodard for personal injuries. From a judgment for
defendant, plaintiff brings error. Affirmed.

*Watson & Chapman*, for appellant.

*Van Ranst Pond*, for appellee.

MOORE, J. The plaintiff brought this action against
defendant to recover for injuries received by him while
operating a surface wood-planing machine. The case was
tried by a jury, who rendered a verdict in favor of the de-
fendant. The plaintiff brings the case here by writ of
error.

The plaintiff is 45 years old. Prior to January, 1896,
he had worked for defendant 18 or 19 months, operating a
wood planer. In January, 1896, a new planer was put in
operation in the place of the old one. It was a surface
planer, about three feet wide and six or seven feet long.
A little more than half way back from the front of the
machine, its surface was divided into two parts by a throat,
which extended entirely across the width of the machine.
Just below this throat was a square shaft, which made
about 4,000 revolutions a minute. Attached to the shaft

were two knives. When the shaft and knives were revolved, they made a diameter of about five inches. The edges of the knives came to the same height as the rear portion of the surface or bed of the machine, but would project above the front portion of the bed the thickness of the shaving it was proposed to take off from the piece of wood which was to be planed. If the shaving was to be thin, the front portion would be lifted, narrowing the throat of the machine. If the shaving was to be thicker, the front bed would be lowered, and, because of the diameter of the circle made by the knives, the throat of the machine would be widened. This machine was used for planing pieces of wood of various lengths, widths, and thicknesses. The article to be planed was placed in front of the revolving knives, upon the front portion of the bed of the machine. It was held down with one hand, and with the other hand was pushed back against the knives, which revolved against the lower side of the article, planing the lower surface as the article passed over the knives and upon the rear portion of the surface of the machine. The machine was not at all complicated, and its construction and method of operation would be very quickly apparent to an operator of ordinary intelligence. Soon after the machine was placed in position, the plaintiff commenced work upon it, and, according to his testimony, he observed within a day or two thereafter that to plane short pieces of wood was a dangerous operation. He says he called the attention of the defendant to that fact, and was assured by him that it was entirely safe to plane such pieces of wood upon the machine, and that, relying upon said assurance, he continued to work with the machine until about Thanksgiving, when he again had a similar talk with defendant. He says that, relying upon this assurance, his fears were allayed until the 7th of December, 1896, when, planing a short board, the board kicked, and his hand was thrown into the throat of the machine, and was very severely injured.

The position of counsel, as stated in their brief, is: "If the plaintiff complained to defendant of what he thought was dangerous, and was commanded by defendant to go on with his work, and was given the assurance that it was safe, defendant will not be heard to say afterwards, and when an injury has resulted from the very defect complained of, 'You assumed the risk; you were guilty of contributory negligence in doing what I commanded you to do,'"—citing *Schlacker* v. *Mining Co.*, 89 Mich. 253 (50 N. W. 839); *Lake Superior Iron Co.* v. *Erickson*, 39 Mich. 492 (33 Am. Rep. 423); *Burnside* v. *Manufacturing Co.*, 121 Mich. 115 (79 N. W. 1108). Counsel say the court erred in his charge to the jury, and the case ought to be reversed.

We do not think the above statement of counsel is a proper statement of the law, and the cases cited do not so indicate. One cannot continue to operate a machine which he knows is dangerous, simply upon the assurance of his employer that it is not, if he has just as much knowledge of the danger arising from the operation of the machine as his principal has. Taking plaintiff's own version of the situation, speaking for myself, I think the court would have been justified in directing a verdict for the defendant. The plaintiff was a man of mature years, acquainted, by actual operation, with machinery. He was put at work upon a new machine of simple construction. He had as much knowledge of its operation within a few days after he began work, and of its dangers, as any one. He says he learned of the danger of planing short pieces with the machine within a day or two after he commenced to work with it, and, after obtaining that knowledge, without any promise of any change in the machine or its conditions, he continued to work upon it for the period of 11 months, when he was hurt. If, under such circumstances, the employer is liable, it is difficult to conceive of a case where an accident occurred that liability would not attach. See *Kean* v. *Rolling Mills*, 66 Mich. 277 (33 N. W. 395, 11

Am. St. Rep. 492), and the many cases there cited; *Fisher* v. *Railway Co.*, 77 Mich. 546 (43 N. W. 926); *Toomey* v. *Steel Works*, 89 Mich. 249 (50 N. W. 850); *Wheeler* v. *Berry*, 95 Mich. 250 (54 N. W. 876); *Breig* v. *Railway Co.*, 98 Mich. 222 (57 N. W. 118); *Hayball* v. *Railroad Co.*, 114 Mich. 135 (72 N. W. 145), and the cases there cited.

The judge, however, did not see fit to direct a verdict in favor of defendant, but submitted the case to the jury with a charge of exceptional clearness, and which was much more favorable to the plaintiff than he was entitled to have given.

The judgment is affirmed.

The other Justices concurred.