# Cisney, Appellant, *v.* The Pennsylvania Sewer Pipe Company, Limited.

*Negligence—Master and servant—Fall of clay bank.*

In an action by an employee against his employer to recover damages for personal injuries suffered by a fall of clay in a clay bank at which plaintiff, an experienced hand, was working, binding instructions for defendant are proper, where it appears that at the time of the accident plaintiff had been taken from his regular work on the face of the clay bank to dig a trench eight feet wide and thirty feet long from the face of the bank through the bed of clay; that he had been instructed by the superintendent to keep the bank vertical and to throw the clay by undermining it; that in answer to his objection the superintendent assured him that it was not dangerous and as a matter of fact there was no more danger in mining in this manner, leaving sufficient supports, than when mining on the face of the slope, except that plaintiff's way of escape was obstructed by a cart which stood in the trench.

Argued April 22, 1901. Appeal, No. 322, Jan. T., 1900, by plaintiff, from judgment of C. P. Huntingdon Co., Sept. T., 1897, No. 48, on verdict for defendant in case of Thomas Cisney v. The Pennsylvania Sewer Pipe Company, Limited. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for personal injuries. Before BAILEY, P. J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendant. Plaintiff appealed.

*Errors assigned* were in giving binding instructions for defendant.

*W. M. Henderson,* for appellant.—The case was for the jury: Kehler v. Schwenk, 151 Pa. 505; Greenleaf v. Dubuque, etc., R. R. Co., 33 Iowa, 52; Kroy v. Chicago, etc., R. R. Co., 32 Iowa, 357; Lake Shore, etc., Ry. Co. v. Frantz, 127 Pa. 297; Matthews v. P. & R. R. R. Co., 161 Pa. 28; Gates v. Penna. R. R. Co., 154 Pa. 566; Denning v. Midvale Steel Co., 192 Pa. 182; Johnson v. Bruner, 61 Pa. 58; Wilson v. Penna. R.

R. Co., 177 Pa. 503; Vannatta v. Cent. R. R. of N. J., 154
Pa. 262.

*H. H. Waite*, for appellee, cited: Huntsinger v. Trexler, 181
Pa. 497; Prevost v. Citizens' Ice & Refrigerating Co., 185 Pa.
617; Pittsburg Southern Ry. Co. v. Taylor, 15 W. N. C. 37;
Sykes v. Packer, 11 W. N. C. 494; Russell v. Hutchison, 15
W. N. C. 482; Green & Coates Street Pass. Ry. Co. v. Bres-
mer, 97 Pa. 104; Reese v. Clark, 146 Pa. 465; Kaufhold v.
Arnold, 163 Pa. 269; Devlin v. Phœnix Iron Co., 182 Pa. 109;
Fulford v. Lehigh Valley R. R. Co., 185 Pa. 329.

OPINION BY MR. JUSTICE FELL, May 27, 1901:

The allegations of negligence contained in the statement are
that the plaintiff, an employee, was required to work in an un-
safe and unsuitable place, and was put in charge of an incom-
petent foreman, by reason of which a bank of clay fell upon
and injured him. The proofs at the trial were as follows. The
plaintiff was employed to dig clay. He was forty-five years of
age, and had been in the employ of the company for four years,
and for more than a year had been digging clay at the bank
where he was injured. He was directed by the foreman to dig
a trench about eight feet wide and thirty feet long, from the
face of the bank through a bed of clay. On beginning this
work he sloped the rear bank of the trench, and when directed
to keep it vertical and to throw the clay by undermining it,
he objected on the ground that it was dangerous to work in
this way, and was assured by the foreman that there was no
danger. After working a few days he asked the foreman
whether it would not be better to use a prop to support the
bank, and was again assured that there was no danger. When
injured he was standing between the bank which he had under-
mined and the end of a cart into which he was shoveling clay.

His regular employment was to dig clay by undermining the
bank. In doing this work supports of clay were left at inter-
vals of a few feet, and when the undermining had been com-
pleted and the supports were to be removed, some one was
stationed to watch the bank and give notice as it was about to
fall. If it did not fall by its own weight, it was thrown over
by the use of bars on the top. The only difference in point of

danger between his regular work and that in which he was engaged when injured was that, the trench being only eight feet wide, his way of escape from falling clay was more restricted. But there was no danger of the clay's falling if it were properly undermined, and sufficient supports were left. The real danger of the situation was that he stood at the side of the bank which had been undermined, when his way to escape if it should fall was obstructed by a cart which stood in the trench. But that danger was of his own creation, and the position of his own choice. He had undermined the bank in order that it should fall. He thought it was still secure. When asked: " Where were you standing when the clay fell, between the clay and the bank?" he answered: " Yes, it was such a little bit it didn't amount to nothing." This was the plaintiff's mistake, but it was not made in reliance upon the assurance of safety by the foreman. That assurance was that he could work in safety in the trench, in digging as directed, and it appears to have been fully justified. The danger was not in the manner of digging, but in undermining without leaving supports, and it was fully understood by him. The facts furnish no ground for the application of the principle that an employee who in obedience to a positive order acts without time for consideration, or who in reliance on his employer's judgment continues at a work which while perilous threatens no immediate danger, does not assume the risks so as to preclude a recovery for injuries incurred.

The judgment is affirmed.