ROBERT E. PULLEY, Respondent, v. STANDARD OIL COMPANY, Appellant.

Kansas City Court of Appeals, January 11, 1909.

1. **MASTER AND SERVANT: Judgment: Negligence: Insurer.** The master is not required to have infallible judgment and is not responsible for mistake which the exercise of reasonable care would not avoid; otherwise he would be an insurer of the safety of the servant.

2. ————: **Servant's Care: Assumption: Insurer.** The master has the right to assume the servant himself and his fellow-servants in performing a joint service will exercise ordinary care in regard to their own and each other's safety. Otherwise he would become an insurer against the negligence of fellow-servants.

3. ————: **Negligence: Foreman's Direction.** A foreman directed three men to move a certain iron pipe. In doing so two of the men without warning let go the rear end and in falling it injured the plaintiff who held on. *Held*:
   (1) The direction was not negligent since there was no evidence of the undersize of the other fellow-servants and the service was simple and nothing to show any ill results in case of the inability to perform the labor.
   (2) The approximate cause of the injury was the negligence of the fellow-servant unmingled with any negligence of the foreman.

4. ————: **Protest: Master's Superior Knowledge: Discharge:** *Held*, the case was not one of reliance upon the master's superior knowledge and a mere threat to discharge without such reliance will not avail the servant.

5. ————: **Assumption of Risk: Knowledge of Servant.** *Held*, from the character of the work the servant must have known as much as the master about the capacity of himself and his fellow-servants to carry the pipe, and therefore he assumed the risk notwithstanding the threat to discharge.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

REVERSED.

*Frank Hagerman* for appellant.

(1) Defendant's act not the proximate cause. Logan v. Railroad, 90 Mo. App. 461. (2) Defendant not negligent. (3) The risk was assumed by plaintiff, Foley v. Light Co., 54 N. J. L. 411, 24 Atl. 487; Epperson v. Cable Co., 155 Mo. 376; Showalter v. Fairbanks, Morse & Co., 88 Wis. 376, 60 N. W. 258 (approved in Epperson v. Cable Co., 155 Mo. 378).

*John L. Wheeler* and *John C. Nipp* for respondent.

(1) The verdict is supported by the great weight of the evidence and should be affirmed. (2) Defendant was negligent. (3) The risk was not assumed by plaintiff.

ELLISON, J.—This is an action for personal injury received by plaintiff and which he charges to defendant's negligence. He had judgment in the trial court.

It appears that plaintiff was engaged in defendant's service as a laborer. The evidence tended to show that the foreman, desiring a piece of iron pipe to be leaned from a freight car to the ground to act as a skid in unloading some freight, ordered plaintiff and two fellow-laborers to carry it to the car, a distance of twenty or twenty-five feet. One of the others stated to the foreman that the pipe was "too heavy for three men to carry." The foreman replied for them "to go ahead, that three men were plenty and if we did not, he would discharge us and get men that would." Nothing further was said and the men picked up the pipe. The plaintiff, at one end, in the lead, with the two others behind him, one at the center and the other at the rear end. They took a few steps when these two, the one at the center and the one at the rear end, found they would not be able to carry it, and without warning to plaintiff they let it drop. Plaintiff, still holding up his end, the sudden dropping at the other end pulled or threw him

down, with such violence as to cause the injury of which he complains.

Questions as to whether the foreman was negligent in ordering only three men to carry the pipe; whether plaintiff assumed the risk in carrying it; and whether the injury was caused by the negligence of plaintiff's fellow-servants, have all been discussed orally and in the briefs. If there was no negligence on the part of the foreman, then, of course, no liability has arisen, regardless of what might be thought of the two other questions.

The master is not required to have infallible judgment and he should not be held responsible for a mistake which the exercise of reasonable care, by a competent man, would not avoid. Otherwise he would be an insurer of the safety of the servant, and all agree he is not that.

Furthermore, the master, in directing that a servant perform a certain service, has a right to assume that the servant himself will exercise ordinary care in the act of performing such service. And if more than one servant is jointly performing the service, he has a right to presume that each will act with the ordinary care of one in that situation, in regard to the safety of the others. Otherwise he would be an insurer against the negligence of a fellow-servant, and no one will contend that he occupies such onerous relation to his servant as that.

Testing the conduct of all concerned in plaintiff's injury by the foregoing rules, it leaves him without legal ground of complaint against defendant. We have not found anything in the case which shows culpable negligence on the part of the foreman. The service he directed to be performed could hardly be more simple,— the carrying of a length of pipe four or five inches in diameter, a distance of twenty or twenty-five feet. When one of the servants said it was too heavy for three men, he said it was not and directed

them to proceed. He seems to have been right in saying that it was not too heavy for three ordinary men, as all three must be assumed to be, for plaintiff was able to sustain his part. There is no pretence of the other two men being weak or under size. Plaintiff had formerly been a section hand on a railway, engaged in lifting ties and rails and carrying them, and he stated that a man's capacity to carry articles depended on his size and strength. In thus ordering three men to do such plain and simple service,—a service, as we have just said, that one of them, the plaintiff, demonstrated he was well able to perform,—we cannot see how, with any degree of fairness, it can be charged that the foreman was guilty of negligence. Here were three men and an iron pipe with nothing to suggest to any one ordinarily prudent and reasonably careful that they could not carry the pipe a few feet. Nor was there anything to suggest that if they found themselves unable to perform the simple service any ill result would follow.

The actual,—the proximate,—cause of plaintiff's mishap was the negligence of his two fellow-servants. It is not a mingling or combination of negligence of such servants with that of the foreman. The actual cause was not that the pipe was too heavy, for though too heavy the weight did not cause the injury. The pipe did not slip out of their hands, nor was it knocked from them, nor did the weight cause them to flounder and fall. They felt it was too heavy to proceed with, and instead of lowering it to the ground or of calling to plaintiff to let go, they dropped it without warning.

Another view is equally fatal to plaintiff's case. The law will not deny the servant an action for injury though he protest that the service required is dangerous, if the master insists and the servant *relying on the superior knowledge* of the master (in cases where there can be superior knowledge) believes he can perform

it safely by exercising care.  But if the servant proceeds with the work, knowing its danger, merely from a desire not to incur the displeasure of the master, he assumes the risk.  A *mere* threat of discharge without reliance on the master's superior knowledge, will not aid the plaintiff.  [Worlds v. Railroad, 99 ¡Georgia 283; 20 Am. and Eng. Ency. of Law (2 Ed.), 120.]

In this case the evidence given by the plaintiff, in his own behalf, discloses that the only reason he did not heed the warning that three men could not carry the pipe was a fear that he would lose his job.  When the plain and simple character of the work is considered it must be apparent that plaintiff knew as much, if not more, about the capacity of himself and his two fellows to carry the pipe as the foreman.  There is no doubt he assumed the risk.  [Holloran v. Union Foundry Co., 133 Mo. 470; Leitner v. Grieb, 104 Mo. App. 173; Meyers v. Glass Co., 129 Mo. App. 556; Schneider v. Wolverine Cement Co., 108 N. W. 1113; Showalter v. Fairbanks & Co., 88 Wis. 376.]

In this connection it would be well to consider also the case of Blundell v. Mfg. Co., 189 Mo. 552.

We think the judgment should be reversed.  All concur.