## INLAND STEEL COMPANY *v.* KIESSLING.

[No. 21,280. Filed May 31, 1910. Motion to modify mandate denied October 28, 1910.]

1. MASTER AND SERVANT.—*Block and Tackle.—Assurance of Safety.—Additional Weight.—Complaint.*—A complaint alleging that defendant's superintendent assured the plaintiff of safety in lifting a certain casting with an eye-bolt, and that the plaintiff relying thereon attempted so to lift such casting, that the eye-bolt broke, to plaintiff's damage, is not bad on the ground that it is further alleged that the plaintiff placed his additional weight on the casting, where it is also alleged that it was necessary that plaintiff should push such casting with all his strength while it was suspended. p. 631.

2. MASTER AND SERVANT.—*Assurance of Safety.—Reliance thereon.—Interrogatories.*—Where the complaint alleged that the plaintiff relied upon defendant's assurance that a certain appliance was safe, a general verdict for the plaintiff is in irreconcilable conflict with answers to interrogatories to the jury showing that such assurance was given but that the plaintiff did not rely thereon. p. 632.

3. APPEAL.—*Reversal.—Interrogatories.—When New Trial Granted.*—Where justice requires, the Supreme Court may order a new trial, though the answers to the interrogatories to the jury technically entitle appellant to a judgment. p. 634.

From Lake Superior Court; *Virgil S. Reiter*, Judge.

Action by Alfred Kiessling against the Inland Steel Company. From a judgment on a verdict for plaintiff for $6,000, defendant appeals. *Reversed.*

*L. L. Bomberger* and *J. A. Bloomington*, for appellant.
*F. N. Gavit* and *J. E. Westfall*, for appellee.

MONKS, C. J.—Appellee brought this action against appellant to recover damages for injuries received by him while in the service of appellant. Appellant's demurrer to the complaint for want of facts was overruled. The jury returned, with the general verdict, answers to interrogatories submitted by the court. Over appellant's motion for a new trial and a motion for judgment in its favor on the answers

to the interrogatories, notwithstanding the general verdict, the court rendered a judgment on the general verdict in favor of appellee.

It is first insisted that the court erred in overruling the demurrer to the complaint. It is alleged in the complaint that appellee was an employe of appellant, and that

1. while attempting with others, to raise a heavy casting, known as an engine guide, by means of a block and tackle fastened to an eye-bolt inserted in the oil-cup hole in said guide, "said eye-bolt stripped and tore the thread in said hole in said casting from the metal attached thereto, and from the remainder of said casting, and the casting was thereby released from said eye-bolt and fell to the floor of the building," injuring appellee's right hand.

The objections urged against the sufficiency of the complaint by counsel for appellant, as shown by the statement of points and authorities contained in his brief, are as follows: "The complaint shows upon its face that at the time plaintiff was injured he was not only placing upon the eye-bolt in question the weight of the casting, but was pushing thereon with all his strength, while the allegations relating to assurance are that he complained to the superintendent that the thread on the eye-bolt was insufficient to lift the casting, and was assured that it was sufficient therefor. The complaint shows that at the time of the injury he was using the eye-bolt in a different manner and placing upon it more weight than that of the casting. The protection which the servant has from assumption of risk applies only to the situation and conditions to which he directs the master's attention, and concerning which he is assured." Citing, Labatt, Master and Serv. §454; *Cisney* v. *Pennsylvania Sewer Pipe Co.* (1901), 199 Pa. St. 519, 49 Atl. 309. The brief further states: "The complaint shows that defendant's superintendent assured plaintiff of safety in lifting the casting with the eye-bolt, and shows, also, that plaintiff was throwing upon it his own weight, in addition to that of

the casting, at the time of the injury. He must recover, if at all, upon a state of facts concerning which he was assured." *Cisney* v. *Pennsylvania Sewer Pipe Co., supra.*

It is alleged, however, that in moving said casting (the cross-head guide), "it became and was·necessary that plaintiff should take hold of said casting with his hands and push it with all his strength, while it was elevated and suspended in the air by the use of said eye-bolt, rope and pulley * * * that defendant, through its superintendent, carelessly and negligently assured plaintiff that said thread was of sufficient strength, and that it would be safe for plaintiff to work at moving said casting with the eye-bolt and thread thereon; that plaintiff relied upon said assurance, and by reason of such assurance believed it would be safe for him to remove said cross-bar with the eye-bolt; that on December 1, 1906, he proceeded to assist in so removing said casting, by screwing said eye-bolt into said hole in said casting, and attaching one end of a rope to the eye in said eye-bolt, and having the other end of said rope over and through a pulley suspended above it, thereby raising said casting; that plaintiff and said others did raise said casting, and plaintiff did then, in the course of his said employment, proceed to move said casting to the desired point, by taking hold of it with his hands and pushing against it with all his strength."

It is clear from said allegations of the complaint that the lateral push given said cross-head guide was incident and necessary to the work at which appellee was engaged, and that he was assured it would be safe for him to work at moving said casting with said eye-bolt. The moving of the casting included not only lifting said cross-head guide, but also pushing it to one side by the method used in this case. It follows that said complaint is not open to said objections.

It is insisted by appellant that the court erred in overruling its motion for judgment in its favor on the answers of the jury to the interrogatories, notwithstanding the general verdict. The ground urged by

appellant for this insistence is that the answers to the interrogatories show that appellee "was a skilled mechanic, and that he did not rely upon the assurance alleged to have been given to him, and that, being a skilled mechanic, he was fully acquainted with the use and strength of said tools, and therefore assumed the risk of any injury resulting from the use thereof." The answers of the jury to the interrogatories show that appellee did not believe and rely upon the assurance of appellant that "the threads in said eye-bolt and hole in which it was inserted were of sufficient strength, and that it would be safe for plaintiff to work at moving said casting with the eye-bolt and the threads thereon," as it is alleged in the complaint he did. As was said in the case of *Elgin, etc., R. Co.* v *Myers* (1907), 226 Ill. 358, 366, 367, 80 N. E. 897: "Where the servant knows of a defect or what the danger is, he cannot be said to rely on the assurance that the danger does not exist. It is only where the servant has been misled by the assurance of the master, or someone standing in the master's place, that he can excuse himself from the assumption of the risk on the ground that he has been assured by the master that there is no danger in the use of the appliance or piece of machinery which he knows, as a matter of fact, is defective and the use thereof attended with danger. *Rohrabacher* v. *Woodward* [1900], 124 Mich. 125, 82 N. W. 797; *Toomey* v. *Eureka Iron, etc., Works* [1891], 89 Mich. 249, 50 N. W. 850; *Anderson* v. *H. C. Akeley Lumber Co.* [1891], 47 Minn. 128, 49 N. W. 664; *Reis* v. *Struck* [1901], 23 Ky. Law 1113, 64 S. W. 729; *Breckinridge & Pineville Syndicate* v. *Murphy* [1897], 18 Ky. Law 915, 38 S. W. 700; *Haas* v. *Balch* [1893], 56 Fed. 984, 6 C. C. A. 201; *Showalter* v. *Fairbanks, Morse & Co.* [1894], 88 Wis. 376, 60 N. W. 257. In *Rohrabacher* v. *Woodward, supra,* the plaintiff was working upon a wood machine. He called the attention of the defendant to the fact that it was a dangerous operation. but was assured by the defendant that the work was entirely safe. His right to recovery was denied

upon the ground that he could not continue to operate a machine which he knew to be dangerous simply upon the assurance of his master that it was not, when he himself had complete knowledge of the danger arising from its operation.'' See, also, *Burke* v. *Davis* (1906), 191 Mass. 20, 76 N. E. 1039, 4 L. R. A. (N. S.) 971, 114 Am. St. 591; *Kinney* v. *Hingham Cordage Co.* (1897), 168 Mass. 278, 47 N. E. 117; *Epperson* v. *Postal Tel., etc., Co.* (1900), 155 Mo. 346, 50 S. W. 795, 55 S. W. 1050; *Pulley* v. *Standard Oil Co.* (1908), 136 Mo. App. 172, 116 S. W. 430; *Gilmartin* v. *Kilgore* (1908), 114 S. W. (Tex. Civ. App.) 398; *Reese* v. *Clark* (1901), 198 Pa. St. 312, 47 Atl. 994; *Nelson-Bethel Clothing Co.* v. *Pitts* (1908), 131 Ky. 65, 114 S. W. 331, 23 L. R. A. (N. S.) 1016 and note; *McKee* v. *Tourtellotte* (1896), 167 Mass. 69, 44 N. E. 1071, 48 L. R. A. 542, 545, note 4. It is evident that said answers to the interrogatories are in irreconcilable conflict with the general verdict. Other questions are argued in the briefs, but as they may not arise on another trial they are not considered.

Judgment reversed, and upon the authority of *Shoner* v. *Pennsylvania Co.* (1892), 130 Ind. 170, *State* v. *Beckner* (1892), 132 Ind. 371, 32 Am. St. 257, *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 662, and cases cited, *Farmers, etc., Ins. Assn.* v. *Stewart* (1906), 167 Ind. 544, and cases cited, *Bemis Indianapolis Bag Co.* v. *Krentler* (1907), 167 Ind. 653, *Chicago, etc., R. Co.* v. *Wilfong* (1910), 173 Ind. 308 (see, also, Elliott, App. Proc. §563, and Buskirk's Practice 334), the court is instructed to grant a new trial of said cause.