RAY H. OMANS, Respondent, v. HAMMOND PACK-ING COMPANY, Appellant.

Kansas City Court of Appeals, December 5, 1910.

1. **MASTER AND SERVANT:** Personal Injury: Instructions. Caustic soda in solid block form is not of such common and ordinary use as to justify a court in declaring that as a matter of law a servant knew of its dangerous character.

2. ———: ———: Servant: Knowledge. If a servant has equal knowledge with the master of the dangerous character of certain material he uses in his work, there is no obligation on the master to inform him.

3. ———: ———: ———: ———. The master has a right to assume that the servant is possessed of common sense and therefore has the knowledge common to ordinary men.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin,* Judge.

AFFIRMED.

*O. C. Mosman* and *Vinton Pike* for appellant.

(1)   Plaintiff was a man of more than ordinary intelligence.   He was "college bred."   He knew too well how to construct a theory of a "case for damages;" that is, to claim that he was ignorant of the nature and effect of the substance he was required to use in removing grease and dirt from wood and iron implements.   It is true, he swears he did not know;

but he could with little more effrontery have said he did not know hot water would scald. Berry v. White Lead, etc., 51 N. Y. S. 602; Bollington v. Louisville, etc., (Ky.), 100 S. W. 850; Brazil, etc., v. Gaffney, 4 L. R. A. 850 and note; Lawless v. Gas Light Co., 72 Mo. App. 679; DeLozier v. Kentucky L. Co., 18 S. W. 451. (2) Plaintiff's legal proposition lacks an essential element. He says he was set to work with a dangerous substance, unwarned, and did not himself know the danger. But defendant did not know of his alleged ignorance. Defendant had the right to assume that plaintiff, who appeared to have the accomplishments of a man of collegiate education, possessed common intelligence and knew the danger of handling caustic soda, or lye, or potash, or lime, or hot water. Plaintiff was not obviously, or by notice to defendant, ignorant, nor a child. (3) Plaintiff was a preacher's son and was taken to a college town to be educated, "fitted for a position in life and to be taught a trade" (31). Six years must have enabled him (beginning at 18 years of age) to take in the whole curriculum. It is a reflection on his alma mater and his natural parents for him to claim that they had not taught him that dirt, grease and corruption must have something besides warm water to remove them from kettles, hooks, "racks" and cars. The master, unless reasonably charged with knowledge to the contrary, may assume that the servant is possessed of ordinary intelligence. Dresser's Employers' Liability, 457, sec. 98; Ruchinsky v. French, 168 Mass. 68; Robinska v. Lyman Mills, 174 Mass. 432; 1 Labatt, secs. 237, 239; Thompson v. Paper Co., 169 Mass. 416, 48 N. E. 757; Fones v. Phillips, 39 Ark. 17; Newbury v. Co., 100 Iowa 441, 69 N. W. 743.

*Mytton & Parkinson* for respondent.

(1) It is the master's duty to instruct his servant with reference to latent dangers which are known

to the master or in the exercise of ordinary care should be known to him and which are unknown to the servant and would not be known to him in the performance of his work. Hill v. Drug Co., 140 Mo. 433. (2) Caustic soda, as far as we are familiar with it, and from the evidence, is used commercially by packing houses and rendering establishments. The plaintiff was required to and did prove by expert evidence, its properties and destructive effects when coming in contact with organic tissue. From the evidence of W. B. Kelling, the city chemist of the city of St. Joseph, it was learned upon the trial that caustic soda is used in making soap. The only other known use to which it is put with which the city chemist was familiar was the use made of it by the packing houses and rendering establishments. Not a single member of this court and not one man in a thousand would recognize and know what caustic soda was if it was put before him, and its chemical destructive properties are esoteric, known only to the chemists.

ELLISON, J.—Plaintiff was an employee of defendant, working under direction of one of its foremen. His work consisted of carrying "provision racks for freight cars and washing out the cars." While so engaged he received an injury to one of his eyes, which he charges was caused by defendant's negligence, and for which he instituted this action. He recovered judgment in the trial court.

It appears that a substance known as caustic soda was used by defendant in the cleaning or washing of cars in which its meat products were shipped, and that a part of plaintiff's service was to wash such cars. That the soda was a substance very dangerous in use and if particles of it came in contact with human flesh, would inflict serious injury by burning. That defendant kept the soda in large solid blocks and on the day of plaintiff's injury defendant's foreman directed him

to take a pick and break off in pieces a bucket of the soda for use in his work. That defendant was aware of the dangerous character of the substance, and that he was not. That in obeying such instructions plaintiff took the pick and struck upon the block, when small particles flew in different directions, some of these striking plaintiff's eye and burning it so severely as to impair the sight and inflict permanent injury.

Defendant insists that plaintiff was a man of education and scientific knowledge and that he knew as much about the properties of caustic soda and the danger in using it, and how it should be used, as did the defendant. If this could be conceded to be an established fact in the case it would justify a reversal of the judgment. But those were issues in the case upon which evidence was heard by the jury and we must accept the verdict as conclusive that plaintiff did not have the knowledge as claimed by defendant.

But defendant further contends that it is common knowledge that particles of caustic soda will burn or eat into the flesh, especially if coming in contact with membrane such as is around the eyes. Defendant contends that this is as well known as that hot water would scald. It is true that defendant had a right to presume plaintiff was a man of common sense and therefore would guard himself against injury where the danger was patent. [Pulley v. Standard Oil Co., 136 Mo. App. 172; Ruchinsky v. French, 168 Mass. 68; Dresser's Employers' Liability, sec. 98.] But we do not regard the facts as disclosing such state of case as would justify a court in declaring, as a matter of law, that the characteristics of caustic soda and the dangers arising from its use, were so well known as to create a conclusive presumption that plaintiff knew them and assumed the risk of injury. The substance of these observations were submitted to the jury at

defendant's request as an issue of fact, and we accept the finding thereon.

As an entire series the instructions were free from error. All those asked by defendant were given, save three, and two of these were in the nature of a demurrer. The third was in part a comment on the evidence. As a whole, it was substantially covered by those which the court gave at defendant's instance, especially Nos. 5 and 6.

We do not feel that we would be justified in reversing the judgment on the ground that the verdict was against the weight of the evidence.

The judgment is affirmed. All concur.