## INLAND STEEL COMPANY *v.* KIESSLING.

[No. 22,540.   Filed March 26, 1915.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Trial.—Answers to Interrogatories.*—In a servant's action for injuries sustained while lifting a casting by means of a rope drawn through an eyebolt attached thereto, where the negligence charged was as to the defective manner in which the eyebolt was attached to the casting and the assurance by defendant that the attachment was safe, answers by the jury to interrogatories, even if conceded as showing that plaintiff was a skilled machinist and relied on his own judgment in the use of the eyebolt, were rendered ineffective to overcome the general verdict for plaintiff by an answer directly finding that plaintiff used the eyebolt because of his reliance on the assurance previously given.   p. 119.

2. APPEAL.—*Review.—Interrogatories to Jury.—Waiver of Objections.*—Where the record on appeal does not disclose any objection to the form of an interrogatory submitted to the jury, appellant is in no position to object to a consideration of the answer thereto.   p. 120.

3. MASTER AND SERVANT.—*Injuries to Servant.—Assurance of Safety.—Instructions.*—In a servant's action for personal injuries sustained in the use of a defective appliance after assurance by the

master of its safety, an instruction that where a servant knows of a defect he can not be said to rely on the assurance that danger does not exist, and it is only where a servant is misled by the assurance of the master that he can excuse himself from the assumption of the risk on the ground of assurance by the master of no danger in the use of an appliance which he knows as a matter of fact to be insufficient, was erroneous, in view of evidence showing that plaintiff's knowledge of the defect and attending danger was equal to that of defendant. (*Inland Steel Co.* v. *Kiessling* [1910], 174 Ind. 630, criticised.)    p. 120.

4.  APPEAL.—*Review.—Instructions.—Disposition of Cause.*—Where the verdict is clearly right under the evidence the judgment may be affirmed notwithstanding an erroneous instruction, but not where the evidence is such that the court can not say that the verdict was not influenced by such instruction.   p. 122.

From Porter Superior Court; *Harry B. Tuthill,* Judge.

Action by Alfred Kiessling against the Inland Steel Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Bomberger, Curtis & Starr, Elmer E. Stevenson, J. A. Bloomington* and *Glenn D. Peters,* for appellant.

*Gavit & Hall,* for appellee.

LAIRY, J.—Appellee recovered a judgment for damages on account of personal injuries sustained by him while in the service of appellant.   The injury to appellee was caused by the falling of a heavy casting which appellee and some of his coemployes were required in the course of their employment, occasionally to lift from its position and remove to a place about two feet distant.   This casting was lifted when occasion required, by means of a rope and pulley, the rope being attached to an eyebolt which was screwed into an oilcup hole in the casting.   On the occasion of appellee's injury, the casting had been lifted by this means and while it was suspended and while appellee was trying to push it over to the place where it was to rest, the eyebolt came out of the oilcup hole and the casting fell and crushed appellee's hand..  As showing negligence the complaint alleges that the thread on the eyebolt and the thread in the oilcup

hole into which it was screwed were too light and were not cut sufficiently deep to hold the weight of the casting; and that appellee before using said eyebolt complained to the superintendent and informed him that the thread on the eyebolt was not sufficiently heavy and strong to lift the weight of the casting and was assured by such superintendent that the thread was of sufficient strength and that it was safe to use for such purpose. The complaint further alleges that appellee relied on the assurance so given, and believed that it was safe to use the eyebolt as directed, and that he continued to use it until the time of his injury. The complaint was held sufficient on a former appeal. *Inland Steel Co.* v. *Kiessling* (1910), 174 Ind. 630, 91 N. E. 1084.

The questions presented on this appeal relate to the actions of the court in overruling appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict and in overruling appellant's motion for a new trial.

On behalf of appellant it is claimed that the answers to the interrogatories show that appellee was a skilled machinist and that he relied on his own judgment in using

1. the eyebolt after he had once safely used it in lifting the casting and that he did not use it in reliance of the assurance given him by the superintendent. The interrogatories do show that he had lifted the casting by the use of this eyebolt four or five times before the injury and that after the first time he continued to use it because he had lifted the casting safely the first time; but by interrogatory No. 35, the jury finds that appellee, in using the eyebolt at the time of his injury, did so because he relied on the assurance of the superintendent previously given. If the other interrogatories are to be given the meaning and effect for which appellant contends, they are contradicted and neutralized by interrogatory No. 35 and the general verdict is not affected. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168

Ind. 438, 78 N. E. 1033; *Indianapolis St. R. Co.* v. *Fearnaught* (1906), 39 Ind. App. 75, 79 N. E. 217.

Appellant asserts that interrogatory No. 35 is double, and that it assumes a fact not found in answer to any other interrogatory and that, for this reason, the court should

2. disregard the answer. The record does not show that appellant made any objection to the form of this interrogatory at the time it was submitted. Even though it were open to the objection urged against it, appellant, after permitting it to be submitted without objection, and after speculating on the chances of an answer favorable to it, is in no position to object to the answer being considered.

It is assigned as one of the causes for a new trial that the court erred in giving to the jury instruction No. 6. The

3. part of the instruction to which objection is made reads as follows: "Where a servant knows of a defect or what the danger is, he cannot be said to rely on the assurance that danger does not exist. It is only where a servant is misled by the assurances of the master or someone standing in the master's place that he can excuse himself from the assumption of the risk on the ground that he had been assured by the master that there is no danger in the use of the appliance or piece of machinery which he knows as a matter of fact is insufficient for the work required of it." As supporting this instruction, appellee relies upon the opinion of this court in the former appeal of this case and also on the case of *Elgin, etc., R. Co.* v. *Myers* (1907), 226 Ill. 358. Neither of these cases goes to the extent of sustaining the principle announced in the instruction. In the Illinois case it is said that a servant who knows as a matter of fact that an appliance or piece of machinery is defective and the use thereof attended with danger can excuse himself from the assumption of risk only in case he has been misled by the assurance of the master or someone standing in the master's place that there is no danger in the use of the appliance or piece of machinery in question.

In this statement we have transposed the language of the Illinois court which was adopted by the opinion rendered in the former appéal of this case. Under the principle thus stated, an assurance of safety by the master is sufficient to excuse a servant from the assumption of the risk where such servant knows of the defect and also knows that there is some danger attendant upon the use of the defective machine or appliance, provided the assurance of the master misleads him as to the nature or extent of the danger incident to such use. Under such conditions no assurance of the master could mislead the servant as to any other material fact, because he could not be misled as to the existence of the defect if his knowledge as to that was equal to that of the master, and, if he knew that some danger attended its use in such defective condition, he could not be misled as to that. The language used by the Illinois court and adopted by this court in its former opinion, may be accurate when viewed in the light of the limitations here suggested, but otherwise it can not be commended as an abstract proposition of law.

In the case now under consideration, the evidence shows without dispute that appellee was a skilled machinist of long experience and that he knew that the threads on the eyebolt and in the oilcup hole were pipe threads and not standard or screw threads. His knowledge in this respect was equal to that of the night foreman, and, if he *knew* that such threads were insufficient for the work required, he could not have been misled by an assurance to the contrary. If he had been doubtful or uncertain as to their sufficiency to hold the weight, a different question would be presented. *Standard Cement Co.* v. *Minor* (1913), 54 Ind. App. 301, 100 N. E. 767.

By instruction No. 6 the jury was told, in substance, that even if appellee knew that the pipe threads were insufficient to sustain the weight of the casting, he still would not be precluded from a recovery on the ground of assumption of

risk if he continued to lift such casting by the means provided, upon the assurance of the master or someone standing in his place that they were sufficient for such purpose. If the servant knew as a matter of fact that the threads provided were insufficient to sustain the weight of the casting, he could not have been misled by any assurance on the part of the master or his representative, and he must be held to have assumed the risk. *Herron* v. *American Steel, etc., Co.* (1910), 230 Pa. St. 190, 79 Atl. 228; *Ft. Worth Iron Works* v. *Stokes* (1903), 33 Tex. Civ. App. 218, 76 S. W. 231; *Mc Kane* v. *Marr & Gordon* (1904), 77 Vt. 7, 58 Atl. 721; *Poorman Silver Mines* v. *Devling* (1905), 34 Colo. 37, 81 Pac. 252; *Toomey* v. *Eureka Iron, etc., Works* (1891), 89 Mich. 249, 50 N. W. 850; *Anderson* v. *H. C. Akeley Lumber Co.* (1891), 47 Minn. 128, 49 N. W. 664; 4 Labatt, Master and Servant §1375. This instruction is contradictory and misleading and does not accurately state the law.

Where the verdict is clearly right under the evidence, this court may disregard an erroneous instruction and affirm the judgment on the ground that the error was harmless; but, in this case, the evidence is of such a character that we are unable to say that the verdict was not influenced by the error in instruction No. 6. The other questions presented are not likely to arise in the same form at another trial and for that reason they are not considered. Judgment reversed with directions to grant a new trial.

NOTE.—Reported in 108 N. E. 232. As to risks assumed by servant, see 52 Am. Rep. 737. As to when an assurance of safety is not conclusive in the servant's favor, see 48 L. R. A. 545. On the effect of master's assurance as to obvious dangers of employment, see 4 L. R. A. (N. S.) 971. See, also, under (1) 26 Cyc. 1513; 38 Cyc. 1927; (2) 2 Cyc. 701; (3) 26 Cyc. 1503; (4) 38 Cyc. 1811.