## FORT WORTH IRON WORKS v. M. W. STOKES.

### Decided July 3, 1903.

**1.—Damages—Evidence.**

In a suit for personal injury to plaintiff it was error to admit evidence that he had a family, consisting of a wife and three children—following Railway v. Hannig, 91 Texas, 347. While the proof that he had a wife was immaterial error, that fact being otherwise shown than by direct proof offered for that purpose, it was otherwise as to the children.

**2.—Contributory Negligence—Charge.**

A rule may be thus stated: If the servant either knows, or in the exercise of ordinary care for his own safety in the prosecution of his employment, must necessarily know, both of the defects and of the danger incident to a further use of an appliance furnished him, then in no event can he be heard to say that he relied upon the assurance of the master that there was no defect in, or danger in the use of the appliance. Or if the defects and danger are open and obvious, so that the servant is presumed to have knowledge, in either event he assumes the risk by continuing in the service. On the other hand, if the servant has no knowledge, either actual or constructive, of both the defect and the danger, then the assurance of the master may relieve him from the assumption of the risk and danger incident to the service to which the assurance relates, and amount to an invitation by the master to continue and perform the service free of the hazards and dangers attending its execution. See the opinion for a charge held erroneous as conflicting with this rule.

Appeal from the District Court of Tarrant. Tried below before Hon. M. E. Smith.

*W. R. Sawyer,* for appellant.

*West, Chapman & West,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellee recovered a judgment against appellant for the sum of $1350 damages for personal injuries sustained by him while in its employ. Upon the trial of the case the court permitted appellee to testify, over the objection of appellant that same was irrelevant and immaterial, that he had a family consisting of his wife and three children. It may be said that in so far as his testimony disclosed that appellee had a wife that the error was harmless, since it otherwise appeared that he did have a wife. But the same can not be said with reference to the children. This evidence certainly threw no light upon any issue properly involved in the case, and we can not see upon what ground its admission can be defended. It was well calculated to awaken the sympathy of the jury in behalf of the dependent children and the maimed and crippled father who had them to support, and thus injected into the case an issue not proper for the jury's consideration. Counsel for appellee evidently thought it would have some effect in his favor, else they would not have insisted upon its admission over the objections of appellant.

We can not say that it clearly appears that no injury could have resulted from the admission of the evidence, as seems to be the test.

Missouri, K. & T. Railway Co. of Texas v. Hannig, 91 Texas, 350. On the contrary, the question of appellant's liability being such a close one, we are rather inclined to believe the admission of the testimony may have resulted in harm to appellant.

Complaint is made of the following charge of the court: "In connection with the charge on contributory negligence, as given in the fourth section of the charge, you are further instructed that if plaintiff protested against the sufficiency of the rope and the defendant's agent assured him that the rope was sufficient for the purpose intended, and plaintiff relied upon such assurance, and you believe from the evidence that an ordinarily prudent person would have relied on such assurance, if any, and used the rope, as plaintiff did, then the plaintiff will not be guilty of negligence in using same."

To our minds there is a vice in this charge not pointed out by appellant. Whether or not the assurance of the master that there was no defect or no danger in the use of the rope would relieve appellant of the assumption of the risk, would depend not alone upon the fact that appellee had "protested against the sufficiency of the rope" and that "an ordinarily prudent person would have relied upon such assurance," and that he actually did rely upon such assurance, but there are other things which should enter into the consideration. In the first place, if the servant either knew, or in the exercise of ordinary care for his own safety in the prosecution of the work in which he was engaged must necessarily have known, both of the defects and of the danger incident to a further use of the rope, then in no event could he be heard to say that he relied upon the assurance of the master that there was no defect or danger. Or if the defects and danger were open and obvious, so that the servant is presumed to have knowledge, in either event he assumes the risk by continuing in the service.

On the other hand, if the servant did not have knowledge either actual or constructive, of both the defects and the danger, then the assurance of the master may relieve the servant from the assumption of the risk and danger incident to the service to which such assurance relates, and amount to an invitation to the employe to continue and perform the service free of the hazards and dangers attending its execution. Gulf, C. & S. F. Ry. Co. v. Wells, 16 S. W. Rep., 1025; Hencke v. Ellis, 86 N. W. Rep., 171; Anderson v. Lumber Co., 49 N. W. Rep., 664; Epperson v. Postal Tel. Cable Co., 50 S. W. Rep., 795; Graham v. Newburg, etc., Co., 18 S. E. Rep., 584.

We are not attempting to indicate the form of a charge, but merely advert to this question that the charge upon another trial may be framed in accordance with the principles here announced. Reversed and remanded.

*Reversed and remanded.*