## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. ROBINSON. (No. 3090.)

(Court of Civil Appeals of Texas. Texarkana. June 25, 1925. Rehearing Denied July 2, 1925.)

1. **Appeal and error ☞929—It cannot be assumed on appeal that jurors were influenced by consideration of improper matters.**

It cannot be assumed on appeal that jurors have been influenced by improper consideration of irrelevant facts, merely because they casually discussed such facts.

2. **New trial ☞52—Verdict will be set aside only when it reasonably appears that jury has been governed by consideration of improper matters.**

Verdict will be set aside only when it reasonably appears from investigation that jury was probably governed by improper consideration of irrelevant matters.

3. **New trial ☞52—Setting aside verdict because jurors considered extraneous matter rests within trial court's discretion.**

Whether verdict should be set aside because of improper consideration of extraneous matters by jurors rests largely in trial court's discretion.

4. **New trial ☞140(3) — Movant must show that jury was probably improperly influenced by consideration of extraneous matter.**

Party moving for new trial, on ground that jury considered extraneous matter in arriving at verdict, must show at least a probable improper influence.

5. **New trial ☞52—Failure of movant to show that any juror was improperly influenced by discussion of irrelevant matter held to justify refusal to set aside verdict.**

Where jury discussed probable amount plaintiff must pay for attorney's fees out of verdict, and also fact that two jurors were suffering from hernia similar to that of plaintiff, but all jurors who testified stated that verdict was not affected by such discussion, verdict will not be set aside, because movant failed to show that any juror was improperly influenced by such discussion.

6. **Damages ☞216(1)—Charge held not erroneous because it might lead jury to award future damages for temporary injuries.**

In action by servant for injuries, where evidence showed that he suffered temporary as well as permanent injuries, charge authorizing future damages for permanent injuries is not subject to criticism that it might lead jury to award future damages for temporary injuries.

7. **Trial ☞251(8)—Where contributory negligence is not in issue, refusal of requested charge thereon is not error.**

Where contributory negligence is not in issue, refusal of requested charge thereon is not error.

Appeal from District Court, Hunt County; Geo. B. Hall, Judge.

Action by B. A. Robinson against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Crosby & Estes, of Greenville, for appellant.

Randell & Randell, of Sherman, L. L. Bowman, of Greenville, and Ocie Speer, of Fort Worth, for appellee.

HODGES, J. This appeal is from a judgment in favor of the appellee for damages resulting from personal injuries. The facts show that in February, 1923, he was in the service of the appellant as a brakeman. On the 9th of that month he was injured while winding a brake. He alleged and proved that the brake chain broke, causing him to fall against the end of the car. The fall, he claimed, resulted in a rupture and some other minor injuries. Liability is based upon negligence in having the brake equipped with a defective chain. The case was submitted to a jury on a general charge, and a verdict returned in favor of the appellee for the sum of $5,000 as damages.

In the motion for a new trial, the appellant complains of misconduct on the part of the jury. It is alleged that during their deliberations the jurors discussed and considered facts not presented in the evidence on the trial. In the hearing on the motion for a new trial, several jurors testified as to what took place during their deliberations. This testimony showed that before there was any discussion of the facts a vote was taken upon the issue of liability, and all the jurors favored a verdict for the plaintiff. They then began to consider the amount of damages that should be awarded. Upon that they differed widely. One juror favored a verdict for $1,000; most of the others favored one much larger. It was during these deliberations that the conduct complained of occurred. It appears from the testimony of the jurors who were called as witnesses that they discussed the fact that a part of the sum recovered by the plaintiff might be absorbed in attorney's fees. It was also shown that two of the jurors had been afflicted with hernia similar to that of the plaintiff in the suit. Burton, the foreman, testified as follows:

"It was talked over what the attorney's fees would have to be. Some said he [plaintiff] would have to pay as much as one-half, and some said he would have to pay one-third. * * * In considering the amount of the verdict, something was said about he could take the $2,500, if he had to pay half, that he could take the $2,500, and set up a meat market or something like that and make a living; and I think some of them said he could buy a home. I think some of them discussed that he could go in the meat market business without having to do hard labor."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On cross-examination he said:

"I really agreed to $5,000 because we all wasn't together, and for the $5,000 I really figured there was more damage than that, and that would be a reasonable verdict, so I agreed to it."

[1-5] There was other testimony showing that the jurors discussed the fact that two of their number had been ruptured, and were told something of the pain they endured. Mention was also made of the fact that a man who had been injured on another railroad settled for $1,000 and afterwards died from his injuries. They also discussed, in a general way, the fact that the plaintiff had been unjustly required to pay hospital fees. All the jurors who testified, however, stated that the amount finally agreed upon represented what in their judgment was a fair compensation for the plaintiff's injuries, and that they were not influenced in their findings by the facts above referred to; that they based their verdict solely on the evidence and the charge of the court. It is true the subjects referred to above were not relevant and should not have been considered by the jury in deliberating upon the damages which the plaintiff should recover. But if every case must be reversed because the jurors, in the privacy of their room, discuss irrelevant matters, then comparatively few verdicts would be permitted to stand. We cannot assume that jurors have been influenced by improper considerations and irrelevant facts merely because they have casually discussed improper subjects. We must allow something for common intelligence and a fair degree of prudence on the part of men selected for jury service. It is only when it reasonably appears from investigation that the jurors have probably been governed by improper consideration that their verdict should be set aside. The determination of that question rests largely in the sound discretion of the trial judge. If the jurors, who testified upon the hearing of the motion in this case, are to be believed, they were not influenced by any improper motives. It devolved upon the appellant, in attacking the verdict, to show at least a probable improper influence. Other members of the jury were present, and their testimony was available if desired by the appellant, but they were not called. Among them was a juror whose affidavit tended to show that he was influenced to agree to a higher verdict because of the irrelevant matters discussed. The failure to call that juror upon that occasion indicates that his testimony would not bear out the statements made in the motion attacking the verdict. The failure to show that any of the jurors were improperly influenced justified the court in refusing to set aside the verdict.

[6] Appellant also complains of that portion of the court's charge which authorized a recovery of damages for permanent injuries. The specific objection is that the language of the charge authorizing the jury to award further damages for permanent injuries was calculated to lead them to give future damages for injuries which were not permanent. It is true that the testimony showed that the plaintiff suffered some injuries which were permanent and some which were not. The charge merely permitted the jury to award future damages for those which were permanent. The charge is not subject to the criticism made.

[7] Special charges were requested and refused upon issues which were sufficiently covered by the court's general charge. There was no issue of contributory negligence involved in the case, and hence there was no error in refusing the requested charges upon that issue.

The judgment will be affirmed.

### On Motion for Rehearing.

In the motion for a rehearing, counsel for appellant quote from affidavits attached to the motion for a new trial, which were not considered by the court below or by this court in passing upon the facts. They also refer to some decided cases which they say are in conflict with the holding of this court in saying that "it is only when it reasonably appears from investigation that the jurors have probably been governed by improper consideration that their verdict should be set aside."

There can be no inflexible rule adopted by courts in passing upon questions of this character. Each particular case must be governed by its own facts. We frankly concede that some of the courts have gone further than we are disposed to go in setting aside verdicts because the jury discussed irrelevant facts. It is difficult to reconcile the extravagant laudation which those courts heap upon the jury system with the critical caution they adopt in excluding every opportunity for error on the part of the jury. If the jury system is so valuable, it is because jurors are capable and trustworthy men. If they are so weak and unreliable as to err whenever they have the opportunity to go wrong, then the jury system deserves little of the praise which it so often gets from the very courts that overturn verdicts. We feel that a just deference to the jury system warrants the assumption that in their deliberations, the jurors are unbiased and are governed by the facts legally adduced upon the trial and by the charge of the court, till the contrary is made to appear.

The motion for a rehearing is overruled.