### ROBERTS v. NOWLIN. (No. 3046.)

Court of Civil Appeals of Texas. Amarillo. July 11, 1928.

Rehearing Denied Sept. 12, 1928.

R. H. Templeton, of Wellington, for appellant.

R. H. Cocke, of Wellington, for appellee.

HALL, C. J. This is the second appeal in this case; the judgment having been reversed the first time, because of the admission of improper testimony.

After the cause was remanded, the defendant Roberts filed his first amended answer, which contains neither a general demurrer nor any special exceptions; but, from the recitals in the amendment, it appears that the pleader is endeavoring to rely upon the demurrer and exceptions set forth in the original answer. Of course, this cannot be done, since the amendment must stand alone, and is, under district and county court rule No. 14, to be considered as a substitute for the original answer. No additional defenses are set up by the amendment, and, for the sake of brevity, the statement of the pleadings, as reported on the former appeal (290 S. W. 800), is adopted as the statement for the purposes of this opinion.

It is first insisted that the court erred in permitting proof, over appellant's objections, of the fact that Murley, the tenant of Roberts, had a family consisting of a wife and ten children. This fact was certainly irrelevant, and had no bearing whatever upon any issue presented by the pleadings. Exactly why the fact was stressed is not clear. Nevertheless, it does not appear that it had any injurious effect. It did not increase the amount of the judgment, and, because appellant does not show that he was prejudiced, we cannot presume, under rule 62a, that reversible error has been committed. Galveston, H. & S. A. Ry. v. Summers (Tex. Civ. App.) 278 S. W. 881; Burrell Engineering & Construction Co. v. Grisier (Tex. Civ. App.) 240 S. W. 899.

In the original opinion, we held that the court erred in refusing to instruct the jury with reference to the burden of proof. Upon a review of the record, we see that we are mistaken as to what the record shows. Special issue No. 1 is:

"Do you find, from the preponderance of the evidence in this case, that it was agreed and understood between Roberts and Nowlin that Roberts would pay for groceries to be sold by Nowlin Cash Grocery Company to C. N. Murley only on written orders for such groceries, signed or approved by said Roberts?"

The second issue, inquiring whether Roberts agreed with Nowlin, prior to the time of the sale and delivery of the groceries, that he (Roberts) would pay for such groceries, is also prefaced by the words, "Do you find, from the preponderance of the evidence." The effect of this is to place the burden of proof of that contention upon Nowlin. The charge was, therefore, sufficient upon the burden of proof. Texas Power & Light Co. v. Bristow (Tex. Civ. App.) 213 S. W. 703; Wootton et al. v. Jones et al. (Tex. Civ. App.) 286 S. W. 680.

The remaining assignments brought forward in appellant's brief are not properly briefed, and the points are not so presented that they are entitled to consideration.

The original opinion reversing the judgment of the trial court is withdrawn, and, no reversible error having been presented, the judgment is affirmed.